### STROUD v. WINERICH MOTOR CO.
### No. 1518.

Court of Civil Appeals of Texas. Eastland.

Feb. 21, 1936.

Rehearing Denied March 20, 1936.

Paul A. Martineau and T. H. Burruss, both of Corpus Christi, for appellant.

Todd & Todd, of Corpus Christi, for appellee.

LESLIE, Chief Justice.

H. W. Stroud instituted this suit against the Winerich Motor Company, a corporation, to recover damages occasioned him by reason of an alleged fraud in the sale to him of a Studebaker automobile. The defendant denied the charge. Trial was had before a court and jury, and upon answers to special issues judgment was rendered in favor of the defendant. Plaintiff appeals.

The facts out of which the litigation grows are in substance as follows: At first the plaintiff purchased a secondhand or used car from the defendant. In about six days thereafter he became dissatisfied with it and returned to the defendant and negotiated for the purchase of a new or unused car. The terms being agreed upon, the plaintiff purchased the

car involved in this suit, paying therefor a consideration of $1,250. This transaction occurred about January 29, 1932. At that time the 1932 Studebaker models were in stock and the allegations and testimony are to the effect that the defendant, desiring to dispose of the remaining 1931 model, proposed to sell the car to plaintiff at a reduced price. The plaintiff's allegations and proof are to the effect· that the defendant in making the sale represented to him that the car, a Royal sedan, was "a new unused 1931 model" Studebaker car. That he believing and relying upon the representations purchased the car at the agreed price. That but for such representations he would not have purchased the car which he alleges had at the time a value of not more than $700. The plaintiff further alleges that the representations were false and that the car so purchased by him "was not in fact new, but had been used and had been driven between 20,000 and 30,000 miles." That by reason of such facts the value of the car when purchased was as above stated. Other facts will be stated in the discussion of the points raised.

■ By the first proposition the appellant makes the contention that the first issue submitted by the court was too restrictive in "that it eliminated from the consideration of the jury the issue as to whether or not the automobile in question was a new or used automobile if they should decide it had not been driven 20,000 miles and because a negative answer would not conclude the entire issue raised by the pleadings and the evidence on that question." The first issue was: "Do you find from a preponderance of the evidence that the automobile in question had been driven between 20,000 and 30,000 miles at the time it was sold by the defendant to plaintiff?" To this the jury answered: "No." The issue as submitted was subject to the criticism made. It was too limited in scope and did not call for or permit a finding that the car was a used ·ar, although the jury might have found trom the evidence that it had been run less than 20,000 miles. From the testimony it was sold as a new car and purchased as such, and the fraud, if any, could have been perpetrated by the car's having been used or run less than 20,000 miles. We do not think the plaintiff's case bottomed entirely on the allegation to the effect that the car had been run from twenty to thirty thousand miles.

The matter thus alleged is evidentiary, a recital of evidence, which, although not proper, does not always render the pleading objectionable. Gulf, C. & S. F. Ry. Co. v. Pool, 70 Tex. 713, 8 S.W. 535; Taylor County v. Olds (Tex.Civ.App.) 67 S.W.(2d) 1102; 33 Tex.Jur. p. 438, § 23; 49 C.J. 41, § 16.

■ Further, the issue itself was merely the submission of an evidentiary matter rather than an ultimate issue. Freeman v. Galveston, H. & S. A. Ry. Co. (Tex. Com.App.) 285 S.W. 607; Texas Pacific Coal & Oil Co. v. Grabner (Tex.Civ.App.) 10 S.W.(2d) 441; Texas City Transp. Co. v. Winters (Tex.Com.App.) 222 S.W. 541; Fort Worth & R. G. Ry. Co. v. Ross (Tex. Civ.App.) 54 S.W.(2d) 561 (6); Texas & P. Ry. Co. v. Phillips (Tex.Civ.App.) 56 S.W.(2d) 210 (5); Bookhout v. McGeorge (Tex.Civ.App.) 65 S.W.(2d) 512, 513 (12). Being such, it afforded no basis for the judgment for defendant. Undoubtedly a finding that the automobile had not been driven between 20,000 and 30,000 miles at the time of the sale was not determinative of the ultimate issue that it was not a used car when sold. If it had been driven 19,999 ·miles, it is conceivable that it would come within the class denominated "used car," which the plaintiff alleges and testifies he did not intend to purchase and which the testimony of defendant shows it did not intend to sell.

Notwithstanding the first issue was subject to the objections urged against it, a proper analysis of the verdict, or the material issues therein, leads us to the conclusion that the plaintiff, rather than the defendant, was entitled to a judgment on the same.

■ The jury's answer to the second issue determined in favor of plaintiff the only disputed issue in the case, except the one relating to the value of the car when purchased, and the jury's answer to the third issue determined that value to be $900.

The second issue or interrogatory inquired of the jury whether from a preponderance of the evidence they found "the automobile in question was not a new automobile at the time it was sold by the defendant to the plaintiff * * *." The jury answered: "Yes." This was not only a literal or technical finding by the jury that the defendant sold the plaintiff a car that was "not new," but it is more

certainly and definitely a finding that it sold him a used car contrary to representations in both respects. For the following reasons we so construe the issue and finding.

From the pleadings and the testimony it is clear that there was no question or issue involving the age of the car. Both parties knew it was a 1931 model at the close of the season as distinctly as they knew it was a Studebaker car. In point of time "new and 1931" signified the same thing and were so understood by each party to the transaction. In the light of the pleadings and testimony, the finding that the car "was not a new automobile" when sold could have but one meaning, namely, that it had been used prior to the sale. The plaintiff's testimony, though mostly circumstantial in its nature, was clearly to the effect that the car had been used and run considerable mileage prior to his purchase thereof. The witnesses for the defendant testified the car was sold to the plaintiff upon representations that it had not been used. In the negotiations leading up to the sale of the car, both parties discussed the car merely in terms of use; that is, whether it had been "used," in the ordinary meaning of that word, or whether it had not been so "used." The age of the car was immaterial and it was as well known to both parties as was the make of car.

It is easily possible that the portion of the verdict under consideration does not require the application of the rules of construction to demonstrate that it has that meaning which we attribute to it, but our construction of the verdict is in harmony with the fundamental rules applicable in such cases. As said in Speer on Special Issues, p. 542, § 410: "Ordinarily there may be little need for invoking the aid of the pleadings in interpreting the issue, for the statutory requirements of distinctness evidently contemplates the sufficiency of the issue within itself. But the issue being thus essentially a part of the pleadings, where construction becomes necessary, and the pleadings are at all help-

ful, it is proper for a court or jury, as the case may be, to construe them in the light of the pleadings." In the following section (411) of the text, it is further said: "Likewise, under the same general rule of construction, whoever is called to the task, will construe the issue in the light of the evidence submitted. This does not in anywise supersede the rule that the construction must be in the light of the pleadings. It is supplementary to it."

Hence, we give to issue No. 2 and its answer the only reasonable construction which we think is warranted by a careful consideration of the same in the light of the pleadings and the testimony.

■ It thus appears from the jury finding that the car, when sold, was not a new or unused car as represented to the plaintiff by the defendant, but was a used car, and that it had a market value of $900 at the time. From the undisputed testimony we have the additional facts (1) that the defendant represented to the plaintiff that the car was new and unused, and (2) that the plaintiff believed and acted upon the representations and purchased the car at the price of $1,250, which he would not otherwise have done. The undisputed testimony establishing these facts, the court has a right to appropriate them in arriving at the correct judgment to be entered. Livezey v. Putnam Supply Co. (Tex.Civ.App.) 30 S.W.(2d) 902 (writ refused). From the verdict and the undisputed facts the plaintiff was entitled to a judgment for $350 with interest thereon at the rate of 6 per cent. per annum from January 29, 1932, and judgment should have been so entered by the trial court.

Other issues submitted by the court were merely of evidentiary matters, and the jury's finding thereon is immaterial. No question as to measure of damages is presented.

For the reasons assigned, the judgment of the trial court will be reversed, and judgment here rendered for the plaintiff for the above amount. It is so ordered.