W. A. CROSS ET AL V. H. L. WHITE ET AL.

No. 7395. Decided November 8, 1939.
Rehearing overruled November 22, 1939.
(132 S. W., 2d Series, 580.)

*Adkins, Pipkin, Madden & Keffer* and *Wm. L. Darrah,* of Amarillo, and *Wilson Cowen,* of Dalhart, for plaintiff in error.

The court erred in refusing to give the charge requested. Shelton v. Lemmon, 268 S. W. 177; Hill v. Hunter, 157 S. W. 247; Pfeuffer v. Hass, 55 S. W. (2d) 111.

*B. N. Richards,* of Dalhart, for defendants in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The opinion of the Court of Civil Appeals, reported in 112 S. W. (2d) 502, contains a full and complete statement as to the nature of this suit, the issues involved, and the questions presented upon appeal. In view of that statement and the conclusion we have reached, after a careful examination of the record, it is unnecessary for us to make an extended statement here.

The application for writ of error was granted upon an assignment which submitted error on the part of the trial court in failing to give a special issue requested by plaintiffs in error, which application asserted constituted an attempt to submit an affirmative defense urged by plaintinffs in error, who were defendants in the trial court. We are of the opinion that this contention cannot be sustained, and our reasons upon this point will be briefly stated.

The case here involves defendant in error White, who was plaintiff in a cross action, and W. A. Cross and B. M. Addington, who were defendants in said cross action. W. A. Colt, Jr., has passed out of the case. White will be called plaintiff, and Cross and Addington will be referred to as defendants.

Briefly, the cause of action asserted by plaintiff may thus be summarized: About August 24, 1935, he entered into an agreement with defendants to go into the State of New Mexico and buy cattle for their account, for which they were to pay him 50 cents per head, and also to allow him $10.00 per week for expenses; that he was to pay for such cattle by delivering to sellers his own checks drawn upon the Citizens State Bank of Dalhart, Texas; that the bills of sale given by the sellers

were to be endorsed by him and forwarded to said bank; that the cattle purchased by him were to be shipped to defendants as their cattle; that said cattle were to be sold by defendants for their own account, and the proceeds, or other funds, to an amount sufficient to pay all checks drawn by plaintiff, were to be deposited in said Citizens State Bank of Dalhart, and used to pay said checks. Plaintiff further alleged the buying of a large number of cattle for account of defendants, giving his personal checks in payment for same, the shipping of said cattle to defendants as their cattle, the selling of same by defendants, and the depositing of funds in the bank by defendants to pay said checks over a considerable period of time. He further alleged the delivery of his personal checks to W. A. Colt, Jr., and others in the amount of $2475.00 in payment of cattle purchased by him for defendants, the sale of said cattle by defendants, and their failure to deposit the proceeds of said sales, or other funds to his credit in the bank, thereby causing default in payment of said checks, the amount of which had been sued for by Colt; and for which judgment was finally rendered in favor of Colt against plaintiff.

Briefly, the defense asserted by defendants may thus be summarized. They denied having made the agreement with plaintiff as alleged, and especially denied that there was ever any contract of agency between them and plaintiff. They further alleged that all the cattle purchased by plaintiff were purchased solely for his own account, and not as agent for them; that the checks were given as his own checks against his own personal account. They then specifically alleged that the agreement which they had with plaintiff was that he would buy cattle for his own account, which would be paid for by his check upon his own personal account; that the cattle purchased by him would be billed and delivered to defendants, doing business under the name of the Cross Livestock Sales Company, which company was to receive and sell the cattle solely upon a commission basis, depositing the proceeds in the Citizens State Bank of Dalhart to the credit of plaintiff, after deducting an agreed commission upon each shipment for services in handling the cattle. They also alleged that they had fully accounted for all cattle shipped to them and were in no manner liable for payment of the checks sued upon by Colt.

The findings of the jury upon special issues, in light of the undisputed proof, fully supported plaintiff's contentions, and afforded basis for the judgment in his favor.

The specially requested issue which was refused, and which constituted the basis of the assignment upon which writ of error was granted, is as follows:

"Do you find, from a preponderance of the evidence, that defendants W. A. Cross and B. M. Addington entered into an agreement with the defendant White whereby the defendant H. L. White was to go into New Mexico and buy cattle for himself?"

It will be observed that the real difference between the parties turns upon the question of whether or not defendants were to receive and sell the cattle as their own, or whether they were to receive and sell them as the cattle of plaintiff, upon a commission basis. There was no allegation that the parties made an agreement merely to the effect that White was to go into New Mexico and buy cattle for himself. There was no reason for such a contract. That would be only an incident to the larger contract regarding delivery and sale of the cattle. The theory that White went into Mexico to buy cattle as agent for defendants and for their account, was properly submitted in the submission of plaintiff's case. It is apparent that the requested issue was at the most only the negative of plaintiff's affirmative issues. For this reason it was properly refused. Wright v. Texas & General Ins. Co., 132 Texas 172, 123 S. W. (2d) 314. At any rate, if it be regarded as an attempt to submit defendants' affirmative defense, it was only a partial submission of such defense, because, as indicated above, the real controversy was waged around that part of the defense pertaining to the receipt and sale of the cattle, whether for account of defendants, or for account of plaintiff on a commission basis. There was therefore no error in refusing to submit this issue as requested.

We have reviewed all other assignments, and are of the opinion that the Court of Civil Appeals has fairly and ably disposed of same.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 8, 1939.