QUICK et al. v. LINDSAY.

No. 11951.

Court of Civil Appeals of Texas. Galveston.

Feb. 12, 1948.

Rehearing Denied March 4, 1948.

Burford, Ryburn, Hincks & Ford, Logan Ford, and Roy L. Cole, all of Dallas, for appellants.

Merrill & Scott and Frank L. Merrill, all of Houston, for appellee.

CODY, Justice.

This is an appeal from the order of the 55th District Court of Harris County overruling defendants' plea and supplemental plea of privilege to be sued in Dallas County, Texas, the County of their residence. The parties are disagreed as to the nature of this proceeding. It is the position of defendants that this is a suit concerning the custody of two children, born of the former marriage between plaintiff, Albert H. Lindsay, and one of the defendants, Dorthy Lindsay Pressler. The position of plaintiff is that this is a proceeding instituted by plaintiff to enforce his lawful custody of said children.

Preceding the institution of this present proceeding or suit, the following occurred:

In 1944 plaintiff was granted a divorce from defendant Mrs. Pressler by the 68th District Court of Dallas County. The children of their marriage were then $2\frac{1}{2}$ years and 17 months old, respectively. Their custody, in the divorce decree, was awarded to defendants herein, Mr. and Mrs. J. L. Quick, the maternal grandparents of the children, for nine months of each year, with the right of visitation in plaintiff herein for one Sunday each month, with the further right of plaintiff to have the children for two forty-five day periods in each year, with the right of visitation during such forty-five day periods in Mr. and Mrs. Quick. No express right of visitation in the present Mrs. Pressler was provided for in the order. At the time of the divorce all parties then concerned lived in Dallas County.

By March of 1946 Mr. and Mrs. J. L. Quick had moved their residence to Harris County. At that time plaintiff herein filed suit in Harris County, being cause No. C–328,298, in the 55th District Court against the Quicks, alleging changed conditions, and seeking custody of the children. As a result of that suit general custody was awarded to plaintiff as of March 27, 1946, with the right in the Quicks to have the children for six weeks in the summer of each year, the first such period beginning with July 6, 1946. The judgment was silent as to rights of visitation of Mrs. Pressler. She was not made a party to such suit.

On August 17, 1947, plaintiff filed the present proceeding, using the same docket number, C-328,298, as that under which the suit was filed in March of 1946. In addition to the Quicks, Mrs. Pressler and her husband, and Mr. and Mrs. Jordan, the brother and sister-in-law of Mrs. Pressler, were named defendants. In his petition instituting this proceeding, after alleging such foregoing matters, plaintiff alleged that when he again sought the children from the Quicks on August 17, 1946 (which was the end of the first period of custody that the Quicks were entitled to under the order of March 27, 1946), he found that the Quicks had moved with the children to Dallas. That thereupon plaintiff obtained a writ of habeas corpus from the court in aforesaid cause No. C-328,298, in order to regain custody of the children from the Quicks, but the Quicks evaded service thereon, and that plaintiff was only able to get his children back in early 1947. That defendants then began a concerted plan of harassment of plaintiff, to evade which, and the threats of defendants to kidnap the children, plaintiff moved with the children to Alabama. That the defendants, Mr. and Mrs. Pressler and Mr. and Mrs. Jordan, about July 15, 1947, removed the children from the home in Alabama where plaintiff was keeping them, and fled with them, and returned to Texas, to join defendants Quick. Then, after alleging the children are being illegally restrained of their liberty by defendants or one or more of them, plaintiff alleged in paragraph X of his pleading, "that plaintiff verily believes that he cannot rear his children in peace and in a proper manner of childhood freedom unless defendants and each of them are restrained from coming about said children or communicating with them, or communicating with or harassing plaintiff."

The pleading closed with the prayer for a writ of habeas corpus, and that defendants be required to show cause, "if any they have, why they and each of them should not be restrained and enjoined from interfering in any manner with plaintiff's custody of said children, from harassing plaintiff or communicating with him, and from coming about or seeking to visit said children, and for such final orders with respect to the custody of said children as to the court may seem proper, and for such permanent ancillary orders as, under the evidence, the court deems proper in order to effectuate a proper disposition of the question of the custody of said children * * *."

As indicated above, defendants seasonably filed their plea and supplementary plea of privilege to be sued in Dallas County, alleging that Mrs. Pressler was not bound by the court's order of March 27 of 1946. Plaintiff seasonably filed his controverting affidavit, asserting that the Court had venue under Subd. 4 and Subd. 29a of Article 1995, Vernon's Ann.Tex.Stats. The court overruled such plea and supplemental plea of privilege, finding in his judgment: That on August 19, 1947, and thereafter *all of the defendants were residents of Dallas County;* that the facts contained in the supplemental plea of privilege filed by Mrs. Pressler and her husband are true. The boiled down substance of such supplemental plea of privilege, filed by Mr. and Mrs. Pressler, was that Mrs. Pressler was not a party to the proceeding culminating in the order of March 27, 1946, and same was not res adjudicata of any of her rights.

Defendants predicate their appeal on three points. They are as follows:

"Point One. The trial court erred in overruling defendants' plea of privilege for the reason that plaintiff's petition has for its purpose the changing of many provisions of the child custody decree of March 27, 1946, and therefore constitutes a new and independent cause of action to which the general venue statute applies. There being no applicable exception to the venue statute involved here, defendants are entitled to be sued in Dallas County, where each and all of them reside.

"Point Two. The trial court's order overruling defendants' plea of privilege is in direct conflict with the holding of Green v. Spell [Tex.Civ.App.], 191 S.W.

2d 92,* writ refused, Spell v. Green [144 Tex. 535], 192 S.W.2d 260.

"Point Three. The trial court erred in overruling the plea of privilege of defendants Dorothy and W. R. Pressler, since they were neither parties to nor involved in the custody suit of March, 1946, and the present suit is therefore an entirely new cause of action as to them. The trial court having found that neither she nor any of the other defendants reside in Harris County, Mrs. Pressler is clearly entitled to be sued in the County of her residence."

## Opinion.

■ There was, we believe, no material distinction in the custodial rights awarded the plaintiff herein and the Quicks by the judgment of March 27, 1946, in cause No. C–328,298, except the length of the period of time which they were respectively authorized to exercise such rights namely, a six-week period in the summer for the Quicks, and the rest of the year for plaintiff herein. See Goldsmith v. Salkey, 131 Tex. 139, 112 S.W. 2d 165, 169, 116 A.L.R. 1293. Mrs. Pressler (the mother) was awarded no right of custody either by the judgment of the Dallas Court, or by the judgment of March 27, 1946, and since the full custody was divided in each instance between the plaintiff herein and the Quicks, Mrs. Pressler was of course necessarily excluded from any right of custody. Nor has she asserted any such right. Both judgments were also silent with reference to any right of visitation in Mrs. Pressler. But not having denied her such right, she had the right of reasonable visitation while her child was in the custody either of the plaintiff herein, or of the Quicks. Hays v. Hays, Tex.Civ. App., 123 S.W.2d 968.

■ It is the settled law of this state that suits to relitigate and re-adjudicate custody of children, under allegations of a change in conditions, are new and independent suits. And defendants in such proceedings may urge pleas of privilege to be sued in the county of their residence. Lakey v. McCarroll, 134 Tex. 91, 134 S.

W.2d 1016. It was said in Goldsmith v. Salkey, supra, 131 Tex. 139, 112 S.W.2d at page 168, with reference to judgments awarding custody, "whether expressed or not, the law writes into each of such judgments, in substance, that its finality ends when and if conditions affecting the welfare of the child have materially changed. * * * That welfare is the concern of sovereignty, as the guardian of persons under disability, and in a very real sense the state is interested in the result, though not a nominal party. That concern does not end with a judgment but is a continuing one until such child becomes sui juris."

■ The court's order overruling the plea and supplemental pleas of privilege is consistent only with the view that this is not a suit to relitigate and re-adjudicate the custody awarded by the court's judgment of March 27, 1946. We are unable to hold that the allegations of plaintiff's petition to the effect that Mrs. Pressler had abused her right of visitation constituted an allegation of a subsequent material change of conditions which would bring into being a new and independent cause of action that would destroy the finality of the judgment of March 27, 1946. This, because the right of visitation as such does not carry with it the authority to exercise custodial rights. Hence, if those who were vested by a final judgment with custodial rights, found that their effective exercise of those rights were interfered with by an abuse of the rights of visitation, a proceeding to correct such abuse, and to vindicate the right to exercise of custodial rights awarded by the court's judgment, cannot be classified by the law for any purpose as a new and independent suit. Such a suit does not seek any change in custodial rights.

We construe defendants' position here to be that Green v. Spell, Tex.Civ.App., 191 S.W.2d 92, is authority establishing that any allegation by a custodian of a child that one who has the right of visitation has abused such right, and where such custodian seeks to have the court protect its authority against such abuse, is an allegation of a subsequent material change

of conditions which brings into being a new and independent suit. We do not so construe the holding of Green v. Spell.

The controlling facts in the Green case were these: In the decree that divorced the parents of a young child, the court awarded, in part, the custody of the child to a paternal aunt. In the order awarding such custody, it was provided "the child be permitted to visit its mother, Virginia, during the summer months." Some two years later, after the mother had remarried and established a home in another county, the father and the aunt filed a proceeding, in the form of a motion in the suit wherein the order awarding the custody had been made, to change the order so as to place full custody in the aunt. The grounds alleged for making such change was that the child suffered from a nervous ailment which required special treatment by a physician that would not be available to the child except while the child was in custody of its aunt. The court held that the proceeding, in form of a motion, sought a change in the administration of the child's custody by seeking to eliminate the permission to the child to visit its mother during the summer months, and, "To that extent then such motion is an attempt to relitigate and readjudicate one feature of the custody of the child because of changed conditions," and so, was ruled by Lakey v. McCarroll, supra.

Under the "permission to the child to visit its mother" in the Green case, the mother, of course, had full custodial rights during the period of her custody. Whatever ambiguity is imported into the court's opinion by referring to the mother's right of custody as "permission to the child to visit its mother during the summer months," and by speaking of the application to change such right of custody in the mother as seeking to change the administration of the child's custody, was clarified by the Supreme Court's order refusing a writ therein. Said the Supreme Court (144 Tex. 535, 192 S.W.2d 260): "We ap-prove the holding of the Court of Civil Appeals wherein it held that where the right to the custody of a minor child had been awarded in a divorce decree and a subsequent suit was brought to relitigate the right to the custody of the child on the ground of alleged change of conditions, the venue of the suit was in the county of the residence of the defendant." We overrule defendants' point 3.

Plaintiff's proceeding herein is evidently predicated upon the theory that the judgment of March 27, 1946, invested him with the full and complete custodial rights over the children, while it vested the Quicks with something less than custodial rights. The only difference in the custodial rights vested in plaintiff and the Quicks were the differences in the duration of the periods of custody. See Goldsmith v. Salkey, supra. In each case, during the period of custody, the custodian stood in loco parentis. In order to change the decree of March 27, 1946, which was final, it was necessary for plaintiff to allege changed conditions. Otherwise the court would be without authority to make any change in the custody. If the plaintiff has alleged such changed conditions, then the suit is a new and independent one, and the court should have granted defendants' plea of privilege. We sustain defendants' first and second points.

We might add that a case which is more similar to the case at bar in many respects than any cited by the parties, is Boyd v. Crabb, Tex.Civ.App., 205 S.W.2d 606. Therein the court held that the trial on the merits must be had at the county of the residence of the defendant who was sought to be deprived of custody.

The judgment of the court below will be reversed, and judgment here rendered sustaining the plea of privilege of the defendants herein, and venue of the cause will be ordered transferred to the district court of Dallas County.

Reversed and rendered.