## DREEBEN v. SIDOR.

### No. 6261.

Court of Civil Appeals of Texas. Amarillo.

Dec. 8, 1952.

Rehearing Denied Jan. 12, 1953.

C. C. Renfro, Dallas, for appellant.

Jackson C. Burroughs, Dallas, for appellee.

LUMPKIN, Justice.

This is an appeal from a judgment denying the appellant, Milton Dreeben, any recovery on a $5,000 note executed by the appellee, John Sidor.

It appears that on January 1, 1947, the parties formed a partnership for the manufacture and sale of pants to operate under the name of Sidor Pants Company. It was agreed that the business should continue from the date it was organized until it was dissolved by mutual consent. The partnership operated at a financial gain during its first year but thereafter lost money. Immediately prior to March 5, 1949, the parties agreed to dissolve the partnership. The agreement, which was reduced to writing, provided for the dissolution of the partnership, vested the appellee with all the assets of the business and stipulated that he was entitled to carry on and continue the business under the name of the Sidor Pants Company. The appellee agreed to pay all the liabilities arising out of the partnership, to assume the partnership indebtedness, and to execute a note for $5,000 payable to the appellant in six equal monthly installments. On March 5, 1949, the appellee duly executed such promissory note and delivered it to the appellant.

The appellee took charge of the business, handled all production, received all money, paid all the employees, made payments on the bank note previously owed by the partnership and had complete charge of the business. It appears that the appellee conducted the business, without any assistance from the appellant, until the following January, when he liquidated it and paid all the general creditors and the bank.

The appellant sued the appellee to recover $5,000 as principal, plus interest, attorneys' fees and costs.

The appellee by answer alleged, among other things, that the note had been obtained by fraud and by misrepresentations made for the purpose of inducing the appellee to execute the note; that the appellant and he had been partners in the manufacture and sale of pants; that the business had been badly in need of capital; that the appellant had represented to him that if he would give the appellant a note for $5,000 and sign an agreement dissolving the partnership, the appellant would show the note and the agreement to his uncle, who would lend the appellant $10,000; that the appellant would place $7,500 of this amount in the partnership business, destroy the note and reestablish the partnership, and the parties would continue business as before. The appellee prayed that the note be cancelled.

In a supplemental petition the appellant pleaded the terms of the dissolution agreement; he pleaded that as a result of the agreement the appellee had taken full possession of the business; and that, later, the appellee had sold all of the business assets and retained the proceeds. The appellant alleged that he had relied on the terms of the dissolution agreement, that he had accepted the appellee's note in payment of his interest in the business, and that he would not have surrendered his share of the partnership if he had known that the appellee would not carry out the terms of the dissolution agreement or pay the note.

By a trial amendment the appellee also pleaded that eight months after the alleged sale the parties had entered into another agreement, viz., that if the appellee would

liquidate the business, pay all the debts and relieve the appellant from the liability thereunder, the appellant would cancel the note.

The appellant filed a motion for summary judgment which was granted by the trial court. This judgment was reversed and the cause remanded for another trial by the Fifth Court of Civil Appeals, Sidor v. Dreeben, 236 S.W.2d 841.

This trial was to a jury. In answer to special issues the jury found that the appellant had represented to the appellee that he had wanted the note and the partnership dissolution agreement only for the purpose of showing them to his relative and thus to obtain funds which would be put into the business; that the appellant represented to the appellee that if he would sign the note and dissolution agreement, both would be destroyed after the borrowed money was put into the business, that the note would never be presented for payment and that the business would continue as a partnership. The jury found that these representations were false, that they had been made for the purpose of inducing the appellee to execute the note and the partnership dissolution agreement, and that the appellee had relied upon the representations made by the appellant. The jury found that the parties had agreed in November, 1949, that the appellant should liquidate the business and pay the debts and that, when the creditors were satisfied, the appellant would cancel the appellee's note. Based on this verdict, the trial court rendered judgment decreeing that the note be cancelled and that the appellant take nothing by reason of his suit. From this judgment the appellant excepted and duly perfected his appeal to the Fifth Court of Civil Appeals. Later this appeal was transferred to this Court by the Supreme Court of Texas in its order equalizing the dockets of the Courts of Civil Appeal.

The appellant contends the court erred in refusing to submit to the jury his requested special issues Nos. 1 and 2. They read:

"Do you find from a preponderance of the evidence that John Sidor execut-

ed the dissolution agreement and the $5,000 note dated March 5, 1949, for the purpose of buying the interest of Milton Dreeben in the partnership?

"Do you find from a preponderance of the evidence that defendant, Sidor, operated Sidor Pants Company as his individual business from March 5, 1949, until he sold the machinery and equipment and liquidated the business?"

■ These men were partners. There is no evidence that there were any disagreements between them. On the contrary, they worked together relying one on the other. The promissory note and the dissolution agreement are clear and unambiguous. In the absence of fraud, accident or mistake, it is conclusively presumed that the parties to a contract are familiar with and understand its terms. It is the duty of the court to construe written instruments. Jones v. Winters, Tex.Civ.App., 215 S.W.2d 654, writ ref., n.r.e. The appellee admits signing the note and the dissolution agreement. They are valid and enforcible, subject only to the issue of fraud. Therefore, the only question before the trial court was to determine the intentions of the parties and resolve the issue of fraud, if any, upon the part of the appellant in acquiring the note and dissolution agreement.

■ Under Rule 279, Texas Rules of Civil Procedure, the court is required to submit the controlling issues made by the written pleadings and the evidence, and where the court has fairly submitted the controlling issues raised by the pleadings and the evidence, a case will not be reversed because the court failed to submit other and various phases or different shades of the same issue.

■ Our courts frequently have used the terms "controlling issues," "essential facts," "ultimate facts," and "ultimate issues" synonymously. "An ultimate fact" is one essential to the right of action or matter of defense, and it must be submitted for the determination of the jury if it is involved in the case and if it is necessary to form the basis of a judgment. Wichita

Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. But what constitutes the ultimate issues is determined by a proper legal analysis of the controversy. Luling Oil & Gas Co. v. Edwards, Tex. Civ.App., 32 S.W.2d 921.

The special issues requested by the appellant would not have assisted the court in rendering a judgment. The parties had entered into a contract which speaks for itself, and it is binding unless its inducement is tainted with fraud—a rule stated by this court in the case of Southern Rock Island Plow Co. v. Williams, Tex. Civ.App., 80 S.W.2d 340, 342:

> "It is settled law that fraud in the matter of inducement is fatal to a contract, and this rule applies to bills and notes in the hands of the original payee or a transferee with notice. As said in the early case of Drinkard v. Ingram, 21 Tex. 650, 73 Am.Dec. 250: 'Fraud is a defence which is cognizable as well in Courts of law as of equity; and, it is said, it is even more odious than force; it annuls all contracts, and even the most solemn acts and judgments of Courts, which are infected with it.'"

The note and the agreement are voidable if the appellee was induced through fraud to execute them. 20 Tex.Jur. 16. Thus the issue of fraud is the ultimate and controlling issue in the case. Stroud v. Winerich Motor Co., Tex.Civ.App., 91 S.W.2d 1169; Anderson Bros. v. Parker Const. Co., Tex. Civ.App, 254 S.W. 642; Chauncey v. Gambill, Tex.Civ.App., 126 S.W.2d 775.

Moreover, the requested special issues were only the negative of the special issues submitted. This court had a similar question before it in the case of Cross v. White, Tex.Civ.App., 112 S.W.2d 502, 507, affirmed 134 Tex. 91, 132 S.W.2d 580, 582. In that case one of the issues was the existence of an oral contract. This court held that the defendant was not entitled to the submission of an issue which is only negative to another issue submitted by the court. The court said:

> "The rule is well recognized that all issues of fact raised by the evidence under proper pleadings should go to the jury, but the rule has reference to issues of fact and not to evidentiary matters going to make up the ultimate issues which control the judgment of the court. Properly applied, the rule contended for by appellants in cases * * * on special issues can be invoked only when the defendant pleads facts which, if true, would constitute an independent defense to the claim made by the plaintiff. It does not apply when the only effect of the fact issue sought to be submitted by the defendant is to negative an issue submitted by the court in the main charge. * *"

In affirming that case, the Supreme Court said:

> "It is apparent that the requested issue was at the most only the negative of plaintiff's affirmative issues. For this reason it was properly refused."

So, in the case at bar, if the appellee did sign the note and agreement upon the representations that they were to be used to raise additional capital for the partnership, then he did not execute the instruments for the purpose of purchasing Dreeben's interest. The appellant's requested issues were only the negative of the issue submitted.

The appellant complains that the jury's finding as to the existence of an agreement between the parties in November, 1949, is insufficient to support the judgment cancelling the note. The jury found that it was agreed that the appellee should liquidate the business and pay the debts and that, if all the creditors were satisfied, the appellant would cancel the appellee's note. In our opinion it is unnecessary to discuss this question. Because the note was procured through fraud, as found by the jury in answer to other special issues, the note and agreement are voidable.

Finally, the appellant contends the court erred in granting the appellee's motion to open and close the argument to the

jury. Although the appellee admitted executing the note, he sought to defeat its payment by alleging fraud. The issues submitted were raised by the pleadings and the evidence. Since the burden of proof rested on the appellee, he had the right to open and conclude the argument. Rules 266, 269, Texas Rules of Civil Procedure.

We have carefully reviewed the record in this case. The appellant has failed to brief one of the points of error. Any question not briefed, as required by Rule 418, is waived. Since the record fails to reveal reversible error, we overrule all of the appellant's points of error and affirm the judgment of the trial court.