## TEXAS HOUSING CO. v. HARRELL.
### No. 14631.

Court of Civil Appeals of Texas. Dallas.
April 10, 1953.

Rehearing Denied May 8, 1953.

Irion, Cain, Bergman & Hickerson and Richard H. Cocke, all of Dallas, for appellant.

Jones, Phillips & Watkins, Dallas, for appellee.

PER CURIAM.

B. B. Harrell sued Texas Housing Company on a verified account for $2,175.70, alleging that the lumber, etc. shown by sworn account, though demand had been made therefor, had not been paid for. By trial amendment, a count was added that the lumber had been by Texas Housing Company accepted and converted to its own use and benefit, and that its reasonable value was $2,175.70. Harrell also alleged a reasonable attorney's fee would be $750. Texas Housing Company denied Harrell's allegations under oath and specifically denied it had ever bought or purchased the lumber involved from Harrell, or that it had ever promised to pay him for the same; further, that it was not indebted to Harrell for any sum. By trial amendment, Texas Housing Company alleged the lumber involved was purchased by it from C & H Lumber Company as a part of a larger order and that it had paid C & H Lumber Company therefor by giving them credit for an overpayment to them on other items. Texas Housing Company alleged that Harrell had an arrangement with C & H whereby portions of its order for lumber would be filled by Harrell's going to the mill and procuring the lumber and delivering same to it, and that it had no knowledge whether C & H had paid Harrell for the lumber. It also alleged that by reason of prior deliveries under its contract with C & H, that Harrell had established a course of dealing in delivering lumber for C & H, and that such conduct caused Texas Housing Company to believe the lumber in question was being delivered on a contract of purchase

with C & H; also that it had no knowledge that Harrell was claiming title or ownership to the lumber, therefore, it was not indebted to Harrell in any sum. On a jury trial, a verdict on special issues was that: (1) Texas Housing had not paid for the lumber in question; (2) the lumber was of the reasonable market value of $2,175.70 at the time in question; (3) that prior to August 27, 1951 Harrell had delivered lumber to Texas Housing under defendant's contract of purchase from C & H; (4) but that such delivery did not cause Texas Housing to believe the lumber in question was delivered by Harrell to it under its contract with C & H; (5) that plaintiff demanded payment for the lumber more than thirty days before the filing of this suit; and (6) a reasonable attorney's fee for Harrell's attorney would be $625. On this verdict the court rendered judgment for Harrell against Texas Housing, and Texas Housing has duly perfected this appeal therefrom, assigning three points of error.

■ Point 1 asserts the jury verdict was insufficient to support the judgment. Without repeating the findings of the jury above set out in substance, we hold such findings, under the record here, fully support the judgment rendered by the court. Point 1 is overruled.

■ Point 2 asserts that the jury finding on special issue No. 2 is not supported by the evidence. Appellant's own witness, Gunn, testified he was employed by Texas Housing Company as purchasing agent; that he checked the purchase order; that there was no serious contest as to the amount to be paid for the lumber; the contest was whether the lumber was delivered by Harrell for his own account, or for the account of a third party,—C & H—who at the time was indebted to Texas Housing. Point 2 is overruled.

■■ Point 3 asserts, "The trial court erred in refusing to submit appellant's requested special issue No. 4." Requested issue No. 4 was: "Do you find from a preponderance of the evidence that the defendant, Texas Housing Company, took possession of the lumber in question knowing that the same was not being delivered under its contract with C & H Lumber Company?" The issue was made by the evidence and in our opinion if it had been properly requested (not waived or covered by other issues given), would have been reversible error. The record here shows the issue in question was requested, along with five other issues, in a single request; the first two lines, after the heading, were: "Comes now the Defendant, Texas Housing Company, and requests the following special issues." Then follow six special issues, number 4 being one of them. The prayer after issue 6, is: "Wherefore, premises considered, defendant prays the above Special Issues be given"; and it is signed by the attorneys for Appellant. The trial court's signed notation reads: "Refused: Except as to 5 & 6 defendant excepts."

Appellee counters the above point with the contention that the requested issue "* * * was no more than another phase or a different shade of the controlling issues which were submitted." Special issue No. 4 as submitted by the court in its charge and as answered by the jury, was: "Do you find from a preponderance of the evidence that the fact that plaintiff had delivered lumber to the defendant under defendant's contract with C & H Lumber Company, if you have so found, caused defendant to believe that the lumber in question was delivered by plaintiff under defendant's contract with C & H Lumber Company? Answer 'Yes' or 'No.' Answer No."

Under the above record point 3 does not show reversible error for two reasons: First, it was not properly (separately) requested and second, the submission of the above quoted special issue No. 4 in the court's charge made it unnecessary. The evidence raising the issue a submitted by the court, in substance submitted the matters contained in requested special issue No. 4. Point 3 is overruled. Dreeben v. Sidor, Tex.Civ.App., 254 S.W.2d 908.

Finding no reversible error asserted in the points of error in appellant's brief, and our review being so limited, the judgment below is

Affirmed.