## RAINWATER v. McGREW.

### No. 2594.

Court of Civil Appeals of Texas. Waco.

May 18, 1944.

Rehearing Denied June 15, 1944.

Benckenstein, Brown & Wells and Smith, Smith & Boyd, all of Beaumont, for appellant.

Gilbert T. Adams, of Beaumont, for appellee.

HALE, Justice.

V. V. McGrew sued Veazey Rainwater for damages on account of the latter's breach of a verbal agreement alleged to have been made on February 17, 1942. The disputed fact issues in the case were whether the asserted contract was actually entered into and, if so, the amount of damages resulting from its breach. In response to three special issues the jury found in substance that (1) the defendant, acting by and through Eugene Davis, agreed with plaintiff to rent his residence situated in Beaumont, Texas, to plaintiff for the sum of $75 per month for as long as defendant did not sell said premises, but not exceeding eighteen months from March 1, 1942, and that in the event of sale and sixty days notice plaintiff would vacate, and that should plaintiff be transferred out of Beaumont, upon thirty days notice by plaintiff the rental agreement would end, and that possession was to be given plaintiff on March 1, 1942; (2) the

reasonable cash rental value of the residence at the time and place in question on February 17, 1942, was $150 per month; and (3) the parties did not contemplate that any verbally discussed rental arrangement should be reduced to writing before it should be complete. Based upon these findings the court rendered judgment in favor of plaintiff for $1350 and defendant has appealed.

Appellant contends that the agreement afforded no basis of recovery on behalf of appellee as a matter of law because it was in violation of the Statute of Frauds as embraced in Art. 3995 of Vernon's Tex.Civ.Stats. While this statute provides in effect that no action shall be brought upon any contract for the lease of real estate for a longer term than one year unless the agreement upon which the action is based be in writing, the rule appears to be well established in Texas that an agreement for the possession and use of real estate until the happening of a certain contingency which may occur within a year is not affected by the statute. In applying this rule our courts have held that a lease of real estate is not invalid where its duration is shown to be dependent upon a sale of the property. 20 Tex. Jur., p. 299, Sec. 90; Thouvenin v. Lea, 26 Tex. 612; Groce v. West Lumber Co., Tex.Civ.App., 165 S.W. 519, error refused; Betts v. Betts, Tex.Civ.App., 220 S.W. 575; Dallas Joint-Stock Land Bank v. Wise, Tex.Civ.App., 40 S.W.2d 931, error refused; Wellington Oil Co. v. Maffi, 136 Tex. 201, 150 S.W.2d 60. As said by the Supreme Court in the early case of Weatherford, M. W. & N. W. Railway Co. v. Wood, 88 Tex. 191, 30 S.W. 859, 860, 28 L.R.A. 526: "if the contingency is such that its happening may bring the performance within a year, the contract is not within the terms of the statute, and this is true whether the parties at the time had in mind the happening of the contingency or not. The existence of the contingency in this class of cases, and not the fact that the parties may or may not have contemplated its happening, is what prevents the agreement from coming within the scope of the statute."

Under the terms of the verbal agreement here sued upon and established by the verdict of the jury, its duration and the right of possession therein provided for was dependent upon the happening of either of two contingencies, viz.: (1) The sale of the property by appellant; or (2) the transfer of appellee out of Beaumont by his employer. Although the happening of neither of these contingencies actually occurred within eighteen months, either or both of them could have occurred within in the space of less than one year. Therefore, we overrule all of appellant's points and assignments raising the contention that the agreement was in violation of the Statute of Frauds.

Appellant says the court erred in overruling his timely objections to the submission of Special Issue No. 1 and the manner thereof because, among other reasons, such issue was without support in the pleadings or evidence; was upon the weight of the evidence and was multifarious in that it required the jury to find in response to one question several issues of fact, each of which could have been found differently. We overrule these contentions. Without here setting forth the pleadings or evidence in detail, we deem it sufficient to say that we have carefully reviewed both and in our opinion they were amply sufficient to raise and support the findings of the jury. Although the issue as submitted did embrace numerous elements of fact. we think the grouping of these elements was proper, even under the old rules of practice and procedure, because as thus grouped they collectively presented only one ultimate controlling fact issue, that is, whether the parties actually entered into the verbal agreement as alleged by appellee. Austin v. DeGeorge, Tex.Civ.App., 55 S.W.2d 585; Hunter v. B. E. Porter, Inc., Tex.Civ.App., 81 S.W.2d 774; Service Mutual Insurance Co. v. Territo, Tex. Civ.App., 147 S.W.2d 846.

In connection with the submission of Special Issue No. 2 the court instructed the jury as follows: "By the term 'reasonable cash rental value' is meant the amount that could be obtained by one willing to rent said premises but not obligated to do so, from a person willing and able to rent said premises, but not obligated to do so." Appellant says the court erred in overruling his objections to the submission of such issue and charge and in rendering judgment against him for the sum of $1350.00 because the court did not thereby properly submit or correctly apply the legal measure of damages recoverable herein.

In a suit for damages on account of the breach of an agreement for the

rental of real estate the usual measure of the damages recoverable is the difference between the agreed rental and the reasonable cash market value of the leasehold. Weiss v. Revenue Bldg. & Loan Ass'n, 116 N.J.L. 208, 182 A. 891, 104 A.L.R. p. 132 et seq; Massie v. State National Bank, 11 Tex.Civ.App. 280, 32 S.W. 797; Scottish-American Mortgage Co. v. Taylor, Tex.Civ.App., 74 S.W. 564; Graves v. Brownson, Tex.Civ.App., 120 S.W. 560, error refused; Cauble v. Hanson, Tex.Civ.App., 224 S.W. 922. If any valid contract was actually entered into in this case, the undisputed evidence shows that the agreed rental therein provided for was the sum of $75 per month for the duration of the lease. The reasonable cash market value of the leasehold per month was a disputed issue. We think it is apparent from the court's instruction that the term "reasonable cash rental value" was employed in the charge as being synonymous in meaning with reasonable cash market value and that the definition of the term as thus employed was substantially correct. The use of the word "rental" in lieu of the word "market" does not appear to be of controlling significance under the circumstances here involved. Hence, in our opinion, the court correctly ascertained and applied the legal measure of damages recoverable herein by properly submitting to the jury the disputed issues of fact and by then awarding to appellee the difference between the agreed rental and the value of the lease, as found by the jury, for the period of eighteen months.

Appellant formerly resided in Beaumont and occupied the premises in controversy as his home. Upon his removal from that city he requested a bank there with which he was transacting business to rent the property for him. The rental agreement arose out of a subsequent long distance telephone conversation between appellant and Eugene Davis, Trust Officer of the Beaumont Bank. Appellant contended by his pleadings and evidence that he and appellee each contemplated that the rental arrangement discussed over the telephone should be reduced to writing before it should be considered complete. He testified in effect that he stated in his telephone conversation with Davis that the proposal of appellee should be submitted to him in written form. After the court had overruled his objections to the charge, he seasonably requested the submission of four separate issues on this phase of the case and he has assigned error on the action of the court in refusing to submit each of the requested issues. We overrule these assignments. In our opinion Special Issue No. 3 in the court's charge fairly and affirmatively submitted the controlling defensive issue raised by the pleadings and evidence on behalf of appellant and the refusal of the court to pulverize the issue or to submit other phases or different shades of the same issue did not constitute reversible error. Rule 279, Tex.R.C.P.

In his opening argument to the jury counsel for appellee made the following remarks: "Why did he change his mind? There has been not one iota of evidence as to any reason why he changed his mind, except the disposition, I guess we will have to infer, his disposition just to say, 'Well, I just have changed my mind. I don't want to rent it.' It's all right for children and boys and kids, maybe, to be Indian givers, change their minds, but not for business men, right after you have carried a man right up to the porch of your home and say 'I have changed my mind, not because I want the place, but because I don't want the place.' He hasn't, apparently, moved back to it, because he is in Washington. He hasn't concerned himself about the matter enough to come down and sit on the witness stand and answer a few questions under oath so you gentlemen could look at him, but he hires a couple of lawyers, Benckenstein, Brown & Wells, and Mr. Boyd and says, 'Go down and take care of that matter for me', and they are down here doing the best they can." Thereupon counsel for appellant interposed the following statement or objection: "Your Honor, that is highly improper. The absence of the witness has been demonstrated in his own testimony, his unavailability, and all this reference to these high-powered lawyers and so on, I think is clearly improper and prejudicial, and we ask the jury be instructed." The court then stated. "All right. We will refrain. Go forward, Mr. Adams."

Appellant says the court erred in overruling his motion for new trial based upon the foregoing proceedings. We cannot agree with this contention. Although appellant did testify by deposition, the jury was not required to accept his testimony as to his unavailability at the trial. In view of the right of counsel to discuss with the

jury all the evidence adduced in a case and all reasonable inferences and deductions that may properly be drawn therefrom, we doubt whether the argument complained of was improper. It will also be noted that the statement of counsel for appellant was broad, vague and indefinite as an objection to the argument and as a request that the jury be instructed not to consider the same. However, if it be assumed that the argument was improper, and if the statement by counsel for appellant be regarded as a sufficient objection and request that the jury be instructed not to consider the same, it appears that the court intended to sustain the objection and grant the request. Appellant made no further objection to the insufficiency of the court's ruling on his request. In our opinion, if the court's ruling was insufficient, the argument was such that the prejudicial effect thereof could have been cured by a proper instruction; but if not, counsel made no motion to discharge the jury and declare a mistrial.

We have considered all of appellant's points and assignments, but because we do not think any reversible error is thereby shown they are all overruled and the judgment of the trial court is affirmed.