ALMA SORSBY HOWELL V. A. S. HOWELL, SR.

No. A-1562. Decided April 7, 1948.
Rehearing overruled May 26, 1948.
(210 S. W., 2d Series, 978.)

*W. H. Betts,* of Hempstead, for appellant.

*Merrill & Scott* and *Frank L. Merrill,* of Houston, for appellee.

MR. JUSTICE HART delivered the opinion of the Court.

This is a divorce suit in which questions of law have been certified to us under the provisions of Rule 463, Texas Rules of Civil Procedure. The plaintiff's petition alleged as grounds for divorce that the defendant had been guilty of cruel treatment, under Subdivision 1 of Article 4629, Vernon's Annotated Civil Statutes. The district court submitted the case to the jury upon special issues, and upon the return of a verdict favorable to the defendant, the district court entered judgment refusing the divorce. Upon appeal, the majority of the Court of Civil Appeals were of the opinion that the judgment should be affirmed, but Judge Graves dissented. 206 S. W. (2d) 616.

The disagreement between the judges of the Court of Civil Appeals related to the sufficiency of the first special issue submitted by the district court to the jury, which read as follows:

"Do you find from a preponderance of the evidence that the acts or conduct of the defendant toward the Plaintiff, if any, constituted such excesses, cruel treatment or outrages of such a nature as to render their further living together as husband and wife insupportable, as that term is hereinafter defined in this charge?"

The certificate of the Court of Civil Appeals states that "the controlling differences on questions of law between the members of this Court was whether or not the trial court had committed reversible error in submitting the cause to the jury upon the single inquiry of whether or not the acts and conduct of the husband toward the wife, if any, had constituted such excess, cruel treatment or outrage of such a nature as to render their further living together as husband and wife insupportable, it being the conclusion of the majority that that inquiry embodied the only material issue in the cause under R. S. Art. 4629; whereas the dissenting member took the view that the wife had been entitled, under the facts, to have the jury also pass upon whether or not the various acts and conduct she declared upon as constituting such cruel treatment as giving her the right to a divorce under that statute had occurred."

The questions submitted to us are as follows:

"I. Was the trial court's special issue a sufficient submission, under the statute and the facts of the case as plead and testified to by the appellant, to constitute compliance with the statute in such cases, there being no question as to the sufficiency of the pleading, or proof?

"II. This being a divorce case, and a jury having been demanded, was this Court authorized to treat the action of the court and jury below as merely advisory and affirm the judgment of the trial court, refusing the divorce on its own conclusions?"

■ In our opinion the special issue quoted above and referred to in the first question is a sufficient submission of the ultimate issue of fact to be passed on by the jury. While there have been no decisions of this Court on this question, it appears from the opinions of Courts of Civil Appeals in a number of cases that substantially the same form of special issue as that submitted

by the district court in this case has been used in other cases where the same ground for divorce was alleged. In some cases the correctness of this form of submission was not passed on. See Grisham v. Grisham, 185 S. W. 959; Deebs v. Deebs, 164 S. W. (2d) 758, 759; Ballard v. Ballard, 186 S. W. (2d) 294. In Kyle v. Kyle, 55 S. W. (2d) 885, (writ dismissed) the special issue submitted was similar to the issue submitted in this case, and the Court of Civil Appeals indicated its approval of the form of submission, although it also gave an alternative ground for its holding. In Rogers v. Rogers, 70 S. W. (2d) 211, the jury was asked two special issues—whether the particular act of misconduct alleged in that case occurred and whether such act constituted cruel treatment—but the form of the charge was not discussed in the opinion. In Lloyd v. Lloyd, 107 S. W. (2d) 1047, the form of the special issue was not set out in the opinion, but the Court of Civil Appeals held that where the issue confronted to the basic ground of divorce as pleaded, the court did not err in submitting the issues of cruel treatment in general terms rather than splitting them up into various evidentiary elements.

■ Where the plaintiff relies, as in this case, upon the ground of cruel treatment under Subdivision 1 of Article 4629, Vernon's Annotated Civil Statutes, we think that there is but one ultimate issue of fact to be submitted to the jury, that is, whether the acts and omissions of the defendant, under all the evidence, constitute such ill treatment as to render the spouses' living together insupportable. The issue to be determined is the total effect of the defendant's conduct considered in the light of all of the evidence. This in many cases will require the jury to consider a number of facts, but a "group of facts" may constitute the ultimate issue rather than one single fact. See Fox v. Dallas Hotel Co., 111 Texas 461, 475, 240 S. W. 517, 522. Where, as in this case, the one ultimate issue embraces a number of subsidiary facts, it is not improper to include in the issue these several facts, and a special issue so framed is not duplicitious. City of Abilene v. Moore, 12 S. W. (2d) 604, (writ refused); Austin v. De George, 55 S. W. (2d) 585 (writ dismissed); Hunter v. B. E. Porter, Inc., 81 S. W. (2d) 774; Cross v. White, 112 S. W. (2d) 502, affirmed 134 Texas 91, 132 S. W. (2d) 580; Rainwater v. McGrew, 181 S. W. (2d) 103 (writ refused).

■ We believe that our jurisdiction to answer the second question is necessarily conditioned upon a negative answer to the first question. This Court's jurisdiction in this kind of proceed-

ing is limited to questions of law upon which the judges of the Court of Civil Appeals disagree, and which are material to the decision of the case. Article 1728, Subdivision 1, Vernon's Annotated Civil Statutes; Owens v. Tedford, 114 Texas 390, 269 S. W. 418; County Democratic Executive Committee v. Booker, 122 Texas 89, 52 S. W. (2d) 908. The only disagreement among the judges of the Court of Civil Appeals as shown by the certificate in this case related to the question of the sufficiency of the special issue quoted above. We have held that this special issue was a sufficient submission. It is therefore immaterial to a decision of this case whether the Court of Civil Appeals would be authorized to treat the action of the court and jury below as merely advisory and to refuse the divorce on its own conclusions. This question would be material only if the special issue had been improperly submitted or if the view taken by the Court of Civil Appeals of the evidence were inconsistent with the verdict or the judgment of the trial court.

We answer the first question "Yes." We do not answer the second question, for the reasons we have stated.

Opinion delivered April 7, 1948.

Rehearing overruled May 26, 1948.