## CLINE v. CLINE et al.
### No. 12305.

Court of Civil Appeals of Texas. Galveston.

Oct. 18, 1951.

Rehearing Denied Nov. 8, 1951.

T. B. Blanchard, Houston, for appellant.

Baine P. Kerr and J. Curtiss Brown, Houston (Baker, Botts, Andrews & Parish, Houston, of counsel), for appellee Cline Mortgage & Trust Co.

DeLange & Hudspeth, Albert J. DeLange, C. M. Hudspeth and Eugene J. Pitman, Houston, for appellee Allyn R. Cline.

Stewart, Burgess & Morris, George Eddy, Houston, for appellee Gladys M. Cline.

GRAVES, Justice.

This suit for dissolution of the marriage and settlement of the property rights between the husband and wife constituted strictly "a case of divorce," as was characterized by the Supreme Court of Texas in Lloyd v. Bonds, 147 Tex. 523, 217 S.W.2d 1000, at page 1001, column 1.

Not only so, but as such divorce suit, in its controlling objectives as matter of pleading, it paralleled the similar divorce suit of Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978—that is, it was filed by the husband

against the wife upon the sole ground of such cruel treatment upon her part as rendered their further living together in such relationship insupportable. The Supreme Court held the ground for divorce so stated constituted the only ultimate issue of fact to be submitted to the jury in such a cause, to-wit: whether or not such insupportable treatment had occurred, as alleged.

It follows in the cause at Bar, insofar as the action for divorce is concerned, that the judgment must be affirmed here, provided this Court holds it to have been fully supported by the evidence.

Indeed, it is not understood that the appellant here contends otherwise, upon that feature. This record and these briefs are unduly extended, but they get down to a controversy, first, as to whether or not the evidence below was sufficient to support the jury's finding that such character of treatment did occur upon the part of the wife toward the husband; and second, whether or not the trial court properly disposed of the property interests between the parties, pursuant to Vernon's Texas Civil Statutes 1948, Art. 4638.

The 133rd District Court of Harris County, Honorable Wilmer B. Hunt presiding, submitted the whole cause to the jury upon 8 special-issues, which it deemed to be the controlling ones raised by the pleadings and evidence, numbers 1 to 3, inclusive, relating to such grounds for divorce, while numbers 4 to 8, inclusive, dealt with the issues as to the property rights between the parties.

The jury not only answered all these 8 issues in favor of the appellees' contentions, and against those of the appellant, but the trial court, itself, not only approved the verdict as rendered, but further expressly stated all the controlling facts so found to be its own findings from the evidence, in addition to its approval of the jury's verdict thereon to the same effect.

It would be supererogatory for this Court to undertake a repetition, or even a comprehensive resume, of all the extended evidence to which the jury and the trial court gave what appears to have been a thorough consideration; not only so, but it would be futile to undertake a satisfactory recapitulation of such vast body of the testimony, both oral and written.

This Court has, however, carefully reviewed the record and the statement of facts, to the point of conviction upon its own part that no reversible error has been pointed out by the appellant in such determination below; either as to the granting of the divorce, or as to the disposition made of the property, by such concurrence of the court and the jury upon such 2 determinative questions.

Insofar as the jury's verdict that such insupportable treatment of the husband by the wife occurred substantially as had been alleged by the latter is concerned, this Court considers that the record overwhelmingly supports it; whereas, as to the property interests, it finds such support of the determinations so arrived at by the court and the jury below as to leave it without authority to find otherwise.

There has been much discussion between the parties on the appeal as to whether or not the appellant forfeited her right to appeal at all, by having accepted her side of an option the trial court alternately gave the parties during the trial to purchase the community property, known as "The Allyn R. Cline Company," of a net value of $56,340.90, within the time allowed her during the trial to so purchase, or not; in turn, permitting the appellee, if she did not, to purchase the same himself, at one-half of such net value; she declined such purchase, whereupon the appellee purchased the same at $28,170.45, and such property at that time passed into his ownership and control, which he contended entailed further expense than the purchase price upon him.

So that, in this Court, the appellee thus challenges her right of appeal at all: "The judgment in its entirety is binding on Appellant because she has accepted substantial benefits thereunder; and she has caused Appellee, A. R. Cline, to assume additional burdens by reason of her acceptance; and she cannot now question such judgment on appeal."

Without extended discussion, this Court holds adversely upon that point.

246

In a divorce case, the primary question is whether or not the evidence supports the right to a divorce, and nothing done in the trial court can defeat the duty of this Court to pass for itself upon that question, provided, an appeal lies in other respects.

Indeed, it would further seem to follow that, a divorce decree below having first been determined to be required, the trial court was under the further duty of settling or dividing the property interests between the contending parties; that having been done in this instance, the appellant could not be deprived of her right to an appeal, to have this Court pass on whether or not the evidence justified the divorce against her.

These conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.