JONES v. SCOTT et al.

No. 6362.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 25, 1954.

Rehearing Denied Feb. 22, 1954.

Klett, Bean & Evans, Lubbock, for appellant.

Bob Huff, Lubbock, for appellees.

MARTIN, Justice.

The appellees, C. R. Scott and wife, Lucille Scott, together with their two daughters, Betty Lou Scott and Minnie Pearl Scott, as plaintiffs below, filed suit against the appellant, Mrs. E. Murray Jones, defendant below, for recovery of damages resulting from a collision between a Plymouth station wagon driven by defendant and an automobile driven by the plaintiff, Lucille Scott, in Martin County, Texas. Appellees' theory of the collision is that appellant, while driving the station wagon along a public highway in Martin County, began weaving on the highway, pulled off the right-hand side of the highway, then cut abruptly to the left in front of appellees' Ford coupe automobile, thereby causing the collision and serious damages to the appellees. The collision occurred on appellees' side of the road and there is no pleading that Mrs. Scott as the driver of the automobile was negligent in any manner. Appellant's theory is that one D. O. Lawson, who was impleaded as a party defendant in the cause, while proceeding in the same direction as the automobile of appellees and just prior to meeting the station wagon of appellant, cut across the highway to the left immediately in front of the station wagon and that appellant, in trying to avoid a collision

with defendant Lawson, collided with the automobile of the appellees.

The cause was submitted to a jury upon twenty-six special issues raised by pleadings of the parties. Upon a jury verdict in favor of appellees, the trial court rendered judgment for them as against appellant in the total amount of $25,000. Defendant Lawson filed a plea of privilege to be sued in Martin County, the county of his residence, and the trial court sustained the same. Appellant on appeal presents fifteen points of error. Liability in the cause can be predicated on the issue of whether appellant's or appellees' theory of how the collision occurred shall prevail. If appellant's theory is correct, Lawson is liable for the damages arising out of the collision in that his driving over in front of appellant's station wagon was the sole proximate cause of the collision. If the appellees' theory, also relied upon by defendant Lawson, is correct, appellant is liable for the damages arising out of the collision by reason of her negligent driving being the sole proximate cause thereof.

Appellant's Points 1, 2, 3, 4, and 5 assert that there is no evidence to support the jury findings as follows:

(1) That the act of defendant Mrs. Jones in driving her automobile to the left was negligence and a proximate cause of the injuries;

(2) That the act of Mrs. Jones in suddenly swerving to the left was negligence and a proximate cause of the injuries;

(3) That Mrs. Jones failed to keep a proper lookout which was negligence and a proximate cause of the collision;

(4) That Mrs. Jones was driving at an excessive rate of speed in the light of attending circumstances; and

(5) That immediately prior to the accident Lawson did not turn to the left.

The five assignments likewise set forth that such jury findings are contrary to the overwhelming weight of the evidence.

The two-volume Statement of Facts contains testimony presenting Lawson's version of the collision that he was ahead of the appellees' automobile on the highway and saw the appellant driving the station wagon toward him several hundred yards down the highway. He testified the station wagon was weaving on the highway and that he turned off to the left across the highway some hundred yards from the place of collision and drove down the bar-ditch about a hundred yards and parked his pickup against the fence on land near his home. Lawson's testimony places his arrival at the scene of the collision some little interval of time before the happening of the same. Appellee, Mrs. Scott, corroborates him on this issue by her testimony that just before the collision she saw a pickup parked up against the fence although she did not recall seeing anyone around the same. Appellant suffered a lapse of memory and was unable to testify as to the events transpiring immediately prior to and at the time of the collision. But, appellant produced as a witness W. L. Dark, who testified that he was following behind the pickup of Lawson and that the Scott car was in front of Lawson's pickup. However, in making a statement to the officers following the collision he stated that the Lawson pickup was in front of the Scotts' car. Dark's testimony, summed up, is that Lawson cut across the highway to his left and in front of appellant, causing her to lose control of the station wagon in trying to avoid him and that Lawson's cutting across the highway in front of appellant was the sole proximate cause of the accident. The jury resolved this disputed issue of fact in favor of the appellees and the evidence in the two-volume Statement of Facts is sufficient to support its verdict. It is not necessary to refer to the rule as to examination of the evidence under the assignments made by appellant as herein ruled upon but it might be observed that in making such an examination this further issue enters into the same: "the real question is not what we might have found as to the accident * * *, but whether the facts were such as reasonably

justified the jury in making the finding * * *." Texas Employers Ins. Ass'n v. Hevolow, Tex.Civ.App., 136 S.W.2d 931, Syl. 1.

The above issue resolved by the jury, it appears, could have been indisputably determined by the physical facts at the place of the collision. Lawson and appellant's witness, W. L. Dark, present absolutely diverse views as to the proximate cause of the collision. It appears that if just prior to the collision Lawson drove down the bar-ditch 100 yards to a parking place against the fence, his testimony as to this issue could have been clearly substantiated by the physical evidence of the tracks his pickup left in the bar-ditch. If Lawson cut across the paved highway at the scene of the accident, as Dark testified, his pickup tracks should have shown where they left the paving, entered upon the gravel shoulder of the highway, and traversed the dirt in the bar-ditch. Although the record reveals the tracks and skid marks of the Scotts' car and of appellant's station wagon, it is wholly silent as to the location of the tracks made by Lawson's pickup. In view of the statement made by Dark to the officers two days following the collision, which statement clearly convicts Lawson as being solely liable for the collision, it would reasonably appear that there was some investigation of the physical facts on this highly controversial issue as to the proximate cause of the collision. In the present state of the record the verdict of the jury must be sustained and appellant's first five points of error are overruled. Casstevens v. Childre, Tex.Civ. App., 235 S.W.2d 703, Syl. 1; Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357, Syl. 2.

■ Appellant's Point 6 asserts that the finding of the jury to the effect that so far as plaintiff Scott and defendant Jones are concerned the collision was not the result of an unavoidable accident is without evidence to support it, at any rate contrary to the overwhelming weight of the evidence. In line with the brief discussion above, this point of error is overruled as,

under any view of the evidence, the collision was proximately caused by either the negligence of appellant or the negligence of the defendant, Lawson. Dallas Railway & Terminal Co. v. Bailey, Tex.Sup., 250 S.W. 2d 379, Syl. 14.

■ Appellant's Point 7 asserts the court erred in refusing to submit to the jury defendant's Requested Special Issue No. 1 asking the jury whether the act of Lawson in turning to the left was negligence and the sole proximate cause of the injuries. Defendant's Requested Special Issue No. 1 bears the following notation: "Refused: Given in main charge". An examination of the court's charge reveals Special Issue No. 23, which is apparently copied from Subdivision 1 of defendant's Requested Special Issue No. 1, and is as follows: "Do you find from a preponderance of the evidence that, immediately prior to the accident in question, D. O. Lawson turned his car into the paving on the left-hand side of the road traveled by him?" The jury answered this issue, "No". With reference to this issue, the trial court properly made the jury answers on the issues of negligence and proximate cause dependent upon an affirmative answer to Special Issue No. 23. Other than this, Special Issues Nos. 23, 24, and 25 as submitted by the court are a duplicate of defendant's Requested Special Issue No. 1. Appellant's Point 7 is overruled. Vernon's Texas Rules of Civil Procedure, Rule 279; Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Thomason v. Burch, Tex.Civ.App., 223 S.W.2d 320; Employer's Casualty Co. v. Smith, Tex.Civ.App., 221 S.W.2d 322.

Appellant's Points 8 and 9 assert error of the trial court in refusing to submit issues requested by appellant which were merely various phases or different shades of defendant's Requested Special Issue No. 1 as submitted by the trial court in its Special Issue No. 23.

■ Appellant, as defendant, requested submission of the following Special Issue No. 4: "Do you find from a preponderance of the evidence that so far as plaintiff

Scott and the defendant Jones are concerned, the alleged collision and injuries complained of were not the direct and proximate result of an unavoidable accident?" The trial court, at defendant's request, submitted this issue as Special Issue No. 26 and the jury found the alleged injuries were not the result of an unavoidable accident. Appellant by her Points 10 and 11 complains of the failure of the trial court to submit defendant's Issues 5 and 6. Such issues were merely phases or different shades of defendant's Issue No. 4 above as submitted to the jury. There was no error in the trial court's refusing to submit appellant's Issues 5 and 6 after the submission of defendant's Requested Issue No. 4 on unavoidable accident. Points 10 and 11 are overruled. Rule 279, supra; Thomas v. Billingsley, Tex.Civ.App., 173 S.W.2d 199, error refused; Rainwater v. McGrew, Tex.Civ.App., 181 S.W.2d 103.

Appellant's Point 12 asserts that the trial court erred in overruling defendant's objection to the court's charge for failure to include an instruction on new and independent cause and in refusing to give defendant's requested instruction thereon. Under this point and the preceding points involving the issue of unavoidable accident, it should be noted that appellant, in her pleading, details at length the fact issues in the cause and concludes the pleading of such fact issues in the following manner: "That each of said acts and omissions, singly as well as collectively, on the part of D. O. Lawson, was the sole proximate cause of said collision and the injuries complained of, and that the accident that resulted was without fault on the part of the said Mrs. Jones and wholly unavoidable, and therefore an unavoidable accident, so far as the said Mrs. Jones was concerned." In City of Waco v. Teague, Tex.Civ.App., 168 S.W.2d 521, 523, is found the following statement as to "new and independent cause":

"(4, 5) 'New and independent cause' means the act or omission of a separate and independent agency, which destroys the causal connection between the negligent act or omission of defendant and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury. Young v. Massey, 128 Tex. 638, 101 S.W.2d 809."

An examination of the record reveals that under appellant's pleadings and evidence in the cause there was no negligent act or omission on the part of appellant but the sole proximate cause of the collision was asserted to be the negligent act of Lawson. Such act of Lawson was not pleaded or proven to be a new and intervening cause arising between any negligent acts or omissions on the part of defendant and the injury to Scotts. Appellant's pleading and evidence in the record are that appellant's negligent acts were the sole proximate cause of the injury to the Scotts. As will be observed from an examination of the issues submitted by the court as hereinabove outlined, the court submitted an issue as to whether Lawson, immediately prior to the accident in question, turned his car into the paving on the left-hand side of the road traveled by him. The jury found that this act did not occur. Under proper instruction from the court, had the jury found that such act occurred they were further entitled to consider the issues as to whether such act was negligence and was the proximate cause of the collision. There is no issue of new and independent cause in this case under the pleading and evidence of any party to the cause as revealed by the record. Either appellant was guilty of no single act of negligence and the sole proximate cause of the collision was the negligent act of Lawson or, under the evidence accepted by the jury, Lawson was not concerned with the collision other than the fact that he was standing near his pickup off the highway at the time and the sole proximate cause of the collision was the negligence of the appellant. The trial court was not required to define new and independent cause to the jury and appellant's Point 12 is overruled. The court in submitting the cause to the jury followed the pleadings of the appellant asserting that the acts of Lawson

were the sole proximate cause of the collision or that it was an unavoidable accident. Further, the court not only followed the pleading of appellant as above outlined but also submitted the ultimate issues thereunder as requested by the appellant. 30 Tex.Juris. Sec. 109, Page 780; Young v. Massey, 128 Tex. 638, 101 S.W. 2d 809; Montrief & Montrief v. Bragg, Tex.Com.App., 2 S.W.2d 276.

 Appellant's Point 13 asserts the trial court erred in overruling defendant's objection to Special Issue No. 4 on the ground that said issue requires answers to two questions in one, namely whether defendant suddenly swerved her car to the left and whether she did so without warning. Special Issue No. 4 as submitted by the court is as follows: "Do you find from a preponderance of the evidence that then and immediately prior to the collision in question, that the defendant suddenly swerved her car to the left side of the highway in the direction in which she was going without any warning?" The issue as submitted by the trial court follows the pleading and merely contains a group of facts constituting the ultimate issue. "Where, as in this case, the one ultimate issue embraces a number of subsidiary facts, it is not improper to include in the issue these several facts, and a special issue so framed is not duplicitous." Point 13 is overruled. Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978, Syl. 1–3. Rainwater v. McGrew, supra, Syl. 3.

 Appellant's Point 14 asserts that the trial court erred in overruling defendant's objection to Special Issues 18 and 19 on the ground that the jury is not limited to such loss of earnings as may be produced by the two children during minority and allows the plaintiff to recover damages for personal injuries suffered by said children when there is no showing that plaintiff was entitled to recover for any personal injuries suffered or that may be suffered by said minor children. Relative to this issue, it will be noted that the jury in answer to Special Issues 20 and 21 in regard

to what sum of money would fairly and reasonably compensate the two children for injuries sustained by them gave no answer. In answer to Special Issue Nos. 18 and 19 in regard to what sum of money would compensate C. R. and Lucille Scott for injuries sustained by their two daughters, the jury answered as to Betty Lou Scott, $5,000, and as to Minnie Pearl Scott, $1,000. In the submission of Issues 18 and 19 to the jury wherein they were to determine the amount of compensation due C. R. and Lucille Scott for injuries sustained by their two daughters, the court limited such recovery of damage by defining in his charge the extent of such recovery in the following language: " * * * in arriving at such sums, if any, you will take into consideration the loss of wages, or decreased wage-earning capacity, if any, during minority that would have been earned and contributed by such minors but for injuries, if any, and by arriving at such answer you will also take into consideration the loss of value of services, if any, during their minority that would have been rendered in aid to the parents in every-day affairs, as well as services, if any, which might have been rendered for pecuniary gain; and in arriving at such answer you shall also take into consideration the reasonable increase in the cost of the care of such minors until they attain maturity. The plaintiffs are entitled to recover whatever pecuniary aid they may have reasonable expectation of receiving, if any." Further, in conjunction with the two issues as to damage suffered by the two children, to which issues the jury gave no answer, the court specifically limited the children's right of recovery to physical pain and mental anguish, and like elements. No error is reflected by Point 14 as no damages were allowed the two children by the jury and the damages allowed the parents as to such children's injuries are confined by the court's charge to the earnings of the children during minority and their personal services to the parents. Further, any error, if conceded, reduced the possible recovery of the appellees in the cause and resulted in no harm

to the appellant. Bolling **v.** Rodriguez, Tex.Civ.App., 212 S.W.2d 838.

██ Point 15 asserts that the court erred in sustaining Lawson's plea of privilege. No exception to the venue statute is revealed in the cause and the trial court correctly sustained Lawson's plea of privilege. Union Bus Lines **v.** Byrd, 142 Tex. 257, 177 S.W.2d 774.

The judgment of the trial court is affirmed.