**E.B., Appellant,**

v.

**TEXAS DEPARTMENT OF HUMAN SERVICES, Appellee.**

**No. 3–88–165–CV.**

Court of Appeals of Texas, Austin.

Feb. 22, 1989.

Rehearing Denied March 29, 1989.

Leonard F. Green, Brown, Threatt & Green, P.C., Austin, for appellant.

Ronald Earle, Dist. Atty., Ruth–Ellen Gura, Asst. Dist. Atty., Suzanne Covington, John J. Sampson, Children's Rights Clinic, Attys. ad Litem, University of Texas Law School, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and JONES, JJ.

SHANNON, Chief Justice.

Appellant E.B. seeks to set aside the Travis County district court judgment which terminated the parent-child relationship between herself and her two minor daughters.[1] Appellee is the Texas Depart-

---

1. The issues on appeal for each daughter are identical. We will discuss only the first child, E.B., in order to simplify the analysis. The child and appellant have the same initials.

ment of Human Services. This Court will reverse the judgment of the district court.

■ Appellee urges, at the threshold, that the judgment must be affirmed because appellant failed to file a complete statement of facts. In general, in the absence of a complete statement of facts, it is true that the reviewing court must presume that omitted material supported the judgment. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968). Moreover, the Supreme Court has stated broadly that for a reviewing court to determine whether claimed error in the court's charge is reversible, it must consider the pleadings, "the evidence presented at trial," and the charge in its entirety. *Island Rec. Dev. v. Republic of Texas Sav.*, 710 S.W.2d 551, 555 (Tex.1986).

Appellant acknowledges that she limited the statement of facts to include only her objections to the district court's charge. Nonetheless, appellant urges that because she complied with the requirements of Tex. R.App.P.Ann. 53(d) (Pamp.1988) she is entitled to its benefits. Rule 53(d) provides:

> If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

■ Appellant properly designated the points of error upon which she intended to rely. Accordingly, appellant is entitled to the Rule 53(d) presumption that nothing omitted from the record is relevant to the disposition of her appeal. *Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718 (Tex.1984). Appellee's contention that the

judgment must be affirmed on the record is without merit.

Appellant attacks the judgment by three points of error complaining of a defective submission in the court's charge. Over appellant's objection, the district court instructed the jury:

> For the parent-child relationship in this case to be terminated, it must be proven by clear and convincing evidence that at least one of the following events has occurred:
>
> (1) the parent has knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or
>
> (2) the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child.
>
> In addition, it must also be proven by clear and convincing evidence that termination of the parent-child relationship would be in the best interest of the child.

Following the quoted instruction, the court asked:

> Should the parent-child relationship between [appellant] and the child E.B. be terminated?
> ANSWER: "YES" OR "NO"
> ANSWER: _____

Predicated upon an affirmative answer, the district court rendered judgment terminating the parent-child relationship. On appeal, appellant asserts that the district court's submission was defective. By objection and requested jury questions [2] appellant apprized the district court of the claimed defective submission.[3]

As we understand, appellant would have had the district court submit the cause in separate jury questions in substantially the following form:

---

**2.** Known in the former practice as special issues. As used in this opinion, the terms are synonymous.

**3.** Appellant's objection sufficed to preserve error because the subject of the complaint was a

claimed defective jury question relied upon by the opponent, appellee. Hodges, Special Issue Submission in Texas § 69 (1959 and 1969 Supp.). Accordingly, appellant's requested jury questions were superfluous.

## QUESTION NO. 1

Do you find by clear and convincing evidence that [appellant] knowingly placed or allowed the child, [E.B.], to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, [E.B.]?

*Answer:* "Yes" or "No"

*Answer:* _____

## QUESTION NO. 2

Do you find by clear and convincing evidence that [appellant] engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child, [E.B.]?

*Answer:* "Yes" or "No"

*Answer:* _____

## QUESTION NO. 3

Do you find by clear and convincing evidence that termination of the parent-child relationship between [appellant] and the child [E.B.] would be in the best interest of the child, [E.B.]?

*Answer:* "Yes" or "No"

*Answer:* _____

■ As asserted in her objections at trial and in her brief on appeal, appellant insists that the district court's submission permitted the State to escape the burden placed upon it by Tex.R.Civ.P.Ann. 292 (Pamp. 1988) and Tex. Family Code Ann. § 15.02 (1986): that at least ten jurors agree that appellant had violated one or more grounds for termination set out in § 15.02. More specifically, Rule 292 provides in pertinent part that a verdict may be rendered in any cause "by the concurrence, as to each and all answers made, of the same ten members of an original jury of twelve...." Texas Family Code Ann. § 15.02 permits the termination of the parent-child relationship "if the court [factfinder] finds" that the parent has:

\*   \*   \*   \*   \*   \*

(D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endan-

ger the physical or emotional well-being of the child; or

(E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;

\*   \*   \*   \*   \*   \*

Appellant maintains that § 15.02 and Rule 292 require at least ten jurors to agree that she violated at least one of the two pleaded termination grounds before her parental rights can be legitimately terminated. The charge as given, however, may have allowed the court to terminate appellant's parental rights on the basis of five (and only five) jurors concluding that appellant "placed the [child] in a dangerous situation" and five (and only five) jurors concluding that appellant "engaged in dangerous conduct." Accordingly, appellant urges that the district court's submission of a single question incorporating the two independent grounds for termination was not "feasible" pursuant to Tex.R.Civ.P. Ann. 277 (Pamp.1988) and was error.

In defense of the district court's judgment, the State insists that Rule 277 not only permits but indeed mandates the district court's submission. The district court's submission, suggests the State, is the broad-form submission addressed by Rule 277. Rule 277, as effective January 1, 1988, provides in pertinent part that "[i]n all jury cases the court shall, whenever feasible, submit the cause upon broad-form questions." In support of its thesis, the State calls this Court's attention to the continuing efforts by the Supreme Court to simplify special issue submissions in negligence cases. *See Lemos v. Montez*, 680 S.W.2d 798 (Tex.1984).

The context of the Supreme Court's efforts is significant. The problem of splintering special issues occurred primarily in negligence litigation. In fact, in non-negligence cases, broad issue submission has long been countenanced. *Howell v. Howell*, 147 Tex. 14, 210 S.W.2d 978, 980

(1948); [4] Hodges, Special Issue Submission in Texas § 36 (1959 with 1969 Supp.).

The broad submission in *Howell* is similar to appellant's requested jury questions in that each would only permit the jury to determine the controlling fact issue upon which the court would render judgment. That is, in *Howell*, the course of conduct rendering further living together by the spouses to be insupportable, and in the present appeal, the individual statutory courses of conduct endangering the physical or emotional well-being of the children. In *Howell*, the jury was *not* called upon to determine the ultimate legal question in the controversy—the dissolution *vel non* of the bonds of matrimony; whereas in the instant appeal, the jury was required to determine the ultimate legal question in the lawsuit, the termination *vel non* of the parent-child relationship.

This Court recognizes that broad-form submission is proper in parent-child termination proceedings and, in our view, appellant's suggested submission *is* broad-form. By contrast, the district court's submission in the instant appeal comprehends the total factual and legal inquiry posed by the State's lawsuit. In resolving the questions actually submitted in this appeal the jury was called upon to determine the ultimate legal issue of whether the parent-child relationship should be terminated—a function properly served *only* by a district court's judgment.

Allowing the jury to invade the proper role of the trial court is a result not intended, we think, by Rule 277. Further, the submission in the instant appeal permits the State to obtain an affirmative answer without discharging the burden imposed by § 15.02 and Rule 292 that at least ten jurors conclude that appellant violated one or more of the grounds for termination set out in § 15.02.

The analysis of the jury questions regarding appellant's daughter B.B. is identi-cal to the foregoing. The points are sustained. The judgment is reversed and the cause is remanded for trial.

---

**4.** In *Howell*, a divorce case, the Supreme Court approved the following broad submission:

Do you find from a *preponderance* of the evidence that the acts or conduct of the defendant toward the Plaintiff, if any, constituted such excesses, cruel treatment or outrages of such nature as to render their further living together as husband and wife insupportable, as that term is hereinafter defined in this charge?

210 S.W.2d at 979.