# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00317-CV

**Donna Thornton, Appellant**

**v.**

**The Texas Department of Protective and Regulatory Services, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. FM100464, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Pursuant to a jury's finding, the district court terminated the parent-child relationship between Donna Thornton and her child. On appeal, Thornton contends that the district court denied her due process and the effective assistance of counsel by failing to appoint an attorney for her until forty-four days before trial. She also contends that the district court submitted a jury instruction that erroneously permitted the jury to make findings supporting the termination of her rights without requiring that ten jurors agree that she had engaged in particular prohibited conduct. We affirm the judgment.

Because Thornton does not challenge the sufficiency of the evidence to support the judgment, we will confine our review of the record largely to the relevant procedural details. The Texas Department of Protective and Regulatory Services filed its petition to terminate Thornton's parental rights on April 17, 2000. On October 12, 2000, Thornton rejected the court's offer to

appoint counsel for her and asserted that she intended to retain counsel. On January 4, 2001, she gave the name and telephone number of her attorney to a Department caseworker, but the attorney's secretary told the caseworker that Thornton had not retained his services; by order signed January 31, 2001, the district court memorialized its January 12, 2001 appointment of counsel for Thornton.[1] At the four-day trial that began on February 26, 2001, evidence was introduced showing, among other things, that Thornton used crack cocaine and abandoned her child on occasion. The jury unanimously found that Thornton's parental rights should be terminated.

On appeal, Thornton contends that the district court erred by delaying too long in appointing counsel for her and by submitting a broad-form jury instruction.

Thornton contends that the delay in appointment of counsel violated her right to due process. The federal Constitution, however, does not require that counsel be appointed for all indigents faced with termination of their parental rights; the trial court must weigh the parent's interests, the State's interests, and the risk of an erroneous decision without counsel. *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 27-32 (1981). The Texas Family Code requires the court to appoint an attorney for an indigent parent who responds and opposes termination, but does not specify a deadline by which the appointment must occur. Tex. Fam. Code Ann. § 107.013(a)(1) (West Supp. 2002). Accordingly, "in Texas the timing of appointment of counsel to indigent parents appearing in opposition to termination is a matter within the trial court's discretion." *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied). Thornton received appointed

---

[1] We accept as true the parties' uncontradicted assertions of fact regarding Thornton's attempts to hire an attorney. *See* Tex. R. App. P. 38.1(f), 38.2(a)(1).

counsel, but contends that the appointment on January 12, 2001—almost nine months after the State filed the termination petition and less than two months before trial—violated her right to due process by depriving her of the effective assistance of counsel.

We conclude that the district court did not violate Thornton's due process rights. Thornton rejected appointed counsel and announced that she intended to hire an attorney; this indicated that, at least for purposes of hiring an attorney, she was not indigent. Texas Family Code section 107.013 does not require appointment of attorneys for non-indigents. Thornton's rejection of the appointed attorney also waived, at least temporarily, whatever right the federal Constitution offered respecting appointment of counsel for indigent parents.[2] Though the district court appointed counsel only forty-four days before trial, it appointed counsel upon being informed that Thornton had not hired an attorney. We conclude that the district court neither deprived Thornton of her constitutional right to due process nor abused its discretion in appointing the attorney when it did. *See Lassiter*, 452 U.S. at 32; *M.J.M.L.*, 31 S.W.3d at 355-56.

Thornton's complaints that she was deprived of effective counsel similarly fail. Even if parents facing termination of their parental rights are constitutionally entitled to effective counsel,[3]

---

[2] The right to counsel can be waived, even by criminal defendants. *See Collier v. State*, 959 S.W.2d 621, 626 (Tex. Crim. App. 1997). The requirement noted in that case that the defendant be fully admonished of the right he was surrendering when proceeding *pro se* is inapplicable to this case in which Thornton opted to proceed, not without counsel, but with retained counsel.

[3] *See Arteaga v. Texas Dep't of Prot. & Reg. Servs.*, 924 S.W.2d 756, 762 (Tex. App.—Austin 1996, writ denied); *see also In re B.B.*, 971 S.W.2d 160, 172 (Tex. App.—Beaumont 1998, pet. denied); *In re J.F.*, 888 S.W.2d 140, 143 (Tex. App.—Tyler 1994, no writ); *Posner v. Dallas County Child Welfare Unit*, 784 S.W.2d 585, 588 (Tex. App.—Eastland 1990, writ denied); *Howell v. Dallas County Child Welfare Unit*, 710 S.W.2d 729, 734-35 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). *But see In re B.L.D.*, 56 S.W.3d 203, 211-12 (Tex. App.—Waco 2001, pet. filed); *In re J.M.S.*, 43 S.W.3d 60, 62-64 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

she initially rejected appointed counsel and does not allege that the appointed counsel she accepted was ineffective. The district court did not err.

Thornton also contends that the district court erred by submitting a defective charge. Thornton waived this complaint by failing to object to the charge at the district court. *See* Tex. R. App. P. 33.1. Because the termination of parental rights is such an important decision, we will, in the interest of justice, review this complaint. *See In re B.L.D.*, 56 S.W.3d 203, 215 (Tex. App.—Waco 2001, pet. filed).

Thornton contends that the submission of multiple grounds for termination in the disjunctive was error because it enabled termination without the required agreement by a super-majority; she contends that the broad-form charge allowed different jurors to find different grounds for termination without any particular ground having the support of at least ten jurors. *See id.* at 215-18. The charge in *B.L.D.* and the charge in this case were similar. Both permitted termination upon finding (1) that the parent either (a) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the child's physical or emotional well-being, or (b) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being, and (2) that termination of the parent-child relationship is in the child's best interest. *See id.* at 214-15.

Thornton's argument disregards the supreme court's approval of broad-form submission in termination cases. *See Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). In *E.B.*, the supreme court considered a charge that presented multiple grounds for termination and asked only whether the parent-child relationship should be terminated. *Id.* at 648.

4

This Court reversed the termination of parental rights under this charge, holding that "a single broad form question incorporating two independent grounds for termination of a parent-child relationship permits the state to obtain an affirmative answer without discharging the burden that the jury conclude that a parent violated one or more of the grounds for termination under the statute." *Id.* at 649 (discussing *E.B. v. Texas Dep't of Human Services*, 766 S.W.2d 387, 389-90 (Tex. App.—Austin 1989), *rev'd*, 802 S.W.2d at 649). The supreme court reversed our ruling and reinstated the judgment of termination, holding as follows:

> The controlling question in this case was whether the parent-child relationship between the mother and each of her two children should be terminated, not what specific ground or grounds under [the statute] the jury relied on to answer affirmatively the questions posed. All ten jurors agree that the mother had endangered the child by doing one or the other of the things listed in [the statute]. Petitioner argues that the charge, as presented to the jury, violates her due process right by depriving a natural mother of her fundamental right to the care, custody and management of her children. Recognizing her rights does not change the form of submission. The standard for review of the charge is abuse of discretion, and abuse of discretion occurs only when the trial court acts without reference to any guiding principle. Here the trial court tracked the statutory language in the instruction and then asked the controlling question. This simply does not amount to abuse of discretion.

*Id.*

Thornton argues that we adopt the Waco court's conclusion in *B.L.D.* because the supreme court's analysis has changed since the court decided *E.B. See B.L.D.*, 56 S.W.3d at 216 (citing *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 387-90 (Tex. 2000)). In *Casteel*, the jury was presented with thirteen statutes defendant might have violated and asked simply whether a violation occurred; the jury found that the defendant committed a violation. *Id.* at 387. This Court held that

5

the district court improperly submitted some of the listed violations, but held the erroneous submission harmless because sufficient evidence supported findings of properly submitted violations. *See id.* at 388. The supreme court reversed, concluding that appellate courts could not accurately determine whether the jury had based its verdict on properly submitted grounds. *Id.* at 389. Relying on this reasoning, the Waco court concludes in *B.L.D.* that the disjunctive submission of the grounds for termination "allows for the possibility of termination based on a statutory ground not found by at least ten jurors to have been violated." *B.L.D.,* 56 S.W.3d at 217.

We cannot agree that *Casteel* overturns *E.B.* The supreme court based its opinion in *Casteel* on the effects of the commingling of valid and invalid theories of recovery. *Casteel*, 22 S.W.3d at 389. It held, however, that "when questions are submitted in a manner that allows the appellate court to determine that the jury's verdict was actually based on a valid liability theory, the error may be harmless." *Id.* That reasoning does not negate the supreme court's holding in *E.B.* that the controlling question in termination cases is not which specific ground the individual jurors find justifies the termination, but whether the parent-child relationship should be terminated. *See E.B.*, 802 S.W.2d at 649. Even if jurors find that different actions by the parent justify termination, an affirmative response means that they agree that the parent-child relationship should be terminated. Until the supreme court holds that ten jurors must agree that a particular ground justifying termination exists, we conclude that judgments based on broad-form submission of valid grounds are acceptable. *See id.*; *see also* Tex. R. Civ. P. 277.

There is no assertion that any of the bases for termination submitted to the jury in this case are invalid. Each of the disjunctively submitted issues is a sufficient basis for termination. *See*

Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2002).[4] Like the jury in *E.B.*, the jury below was presented with various grounds for termination, then asked simply whether the parent-child relationship should be terminated. The jury answered in the affirmative, and Thornton does not contend that the evidence is insufficient to support that answer with respect to any of the specific grounds.

We affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: February 22, 2002

Do Not Publish

---

[4] This statute authorizes a court to terminate the parent-child relationship if clear and convincing evidence shows that a parent has committed any of several acts or omissions and that termination is in the child's best interest. Tex. Fam. Code Ann. § 161.001(1)(D), (E) (West Supp. 2002). The statute lists the many (subsections A through S, many with subparts) acts and omissions supporting termination in the disjunctive. *Id.*