GULF & INTERSTATE RY. CO. OF TEXAS v. STEPHENSON et ux.   (No. 7675.)

(Court of Civil Appeals of Texas. Galveston. March 14, 1919. Rehearing Denied March 27, 1919.)

1. TRIAL ⊜═252(5)—INSTRUCTIONS—WANT OF EVIDENCE TO SUPPORT.

In railroad's condemnation proceedings the court properly refused a requested charge that the jury should not consider injuries, if any, which the owners sustained in common with the community in general, not peculiar to them, where there was no evidence that the community generally sustained injury.

2. EMINENT DOMAIN ⊜═262(5) — HARMLESS ERROR—INSTRUCTION.

In a railroad's condemnation proceedings, where the jury found that the land was not increased in value by the taking of the part condemned, failure to require it to state the amount of any increase in the value of the rest of the owners' land was harmless.

3. EVIDENCE ⊜═488—OPINION—LAND VALUES—QUALIFICATIONS OF WITNESS.

In a railroad's condemnation proceedings, an owner of the land, who had lived in the neighborhood for 31 years, and on his then farm for 25 years, having been deputy tax assessor in the neighborhood for several years, and well informed as to the nature of lands in the vicinity, held qualified to testify as to market value.

4. EVIDENCE ⊜═474(18)—OPINION OF LANDOWNER—VALUE.

In a railroad's condemnation proceedings, the owner of the land was properly permitted to testify in his own behalf that the fair market value of the land taken prior to its taking was $100 an acre.

5. EVIDENCE ⊜═142(2)—VALUE OF LAND—SALES OF OTHER LAND.

In a railroad's condemnation proceedings, the owner of the land was properly permitted to testify to sales of land four or five miles from his own, against objection that there was no showing whether the sales were for cash or credit, or whether there were any improvements on the lands sold, where the owner stated that there were no improvements on one tract sold, except a small box house, etc.

Appeal from Galveston County Court; George E. Mann, Judge.

Condemnation proceedings by the Gulf & Interstate Railway Company of Texas against Joseph E. Stephenson and wife, wherein defendants filed opposition and exception to the award of damages. From judgment for defendants on the jury's findings, the railway company appeals. Affirmed.

Terry, Cavin & Mills and Frank J. Wren, all of Galveston, for appellant.

Frank S. Anderson, of Galveston, for appellees.

LANE, J. The appellant, Gulf & Interstate Railway Company of Texas, instituted proceedings in the county court of Galveston county to condemn, for railroad purposes, certain land owned by appellees, Joseph E. Stephenson and wife, situated in Galveston county. Commissioners were duly appointed and qualified, and thereafter duly made their award, assessing damages against appellant in favor of appellees in the sum of $150. In due time appellees filed their opposition and exception to said award, alleging, in substance, that the award was wholly insufficient, in that the land taken was of much greater value than the sum awarded, and that in addition to the loss of the land taken their lands on both sides of the strip taken were damaged, and that no special benefits accrued to them by reason

of the construction of the railroad of appellant. They pleaded their total damages at $1,500.

Thereafter the cause was submitted to the jury upon special issues, as follows:

"First. What do you find, from the evidence, is the market value of the portions of the tracts taken by the railway company, as described in the petition?

"Second. Do you find, from the evidence, that the remainder of said tracts increased in value by the taking of portions by the railway company?

"Third. Do you find, from the evidence, that the remainder of the tracts was diminished in value by 'taking of the portions by the railway company; if so, what was the reasonable value, as shown by the evidence of such decrease?"

To the first question the jury answered, $75 per acre, total $240.75.

To the second they answered, No.

To the third they answered, $259.25.

Upon these findings the court rendered judgment for appellees for the sum of $500. From this judgment the railway company has appealed.

By the first assignment it is insisted that there was no evidence to support the findings of the jury that appellees were damaged in the sum of $500, nor to support a finding for any sum greater than $150.

We deem it unnecessary to set out the evidence, which we think was amply sufficient to support the findings of the jury, both as to the value of the land taken, and the damage to the other lands of appellees. The assignment is overruled.

[1] The second assignment is as follows:

"The court erred in submitting special issue third of his charge to the jury for the reason that in said special issue he did not limit the jury to the damages sustained by the defendants peculiar to them, and did not instruct the jury that they were not to consider those injuries, if any, that the defendants sustained or received in common with the community in general, and which were not peculiar to them and connected with their ownership, use, or enjoyment of the particular parcels of land."

And the third assignment is a complaint of the refusal of the court to charge the jury at the request of appellant that they should not take into consideration such injuries, if any, which appellees sustained in common with the community generally, and which are not peculiar to him and connected with his ownership, use, and enjoyment of his lands.

These assignments cannot be sustained. There is no evidence even remotely tending to show that the community generally sustained any injury whatever by reason of the taking of appellees' land, or by the construction of appellant's railroad, but all the evidence shows that the injuries complained of related to and were directly connected with the ownership, use,

and enjoyment by appellees of their farm lands, and no other land or property. Therefore the court properly refused the requested charge. Dallas, P. & S. Ry. Co. v. Day, 3 Tex. Civ. App. 353, 22 S. W. 538.

[2] By the fourth assignment insistence is made that the court erred in submitting to the jury the following question:

"Do you find, from the evidence, that the remainder of said tracts increased in value by the taking of portions by the railway company?"

—because the jury were not asked to find the value of such increase in the remainder of the tracts of land caused by the taking of portions thereof by the appellant, if any.

We think the court should have instructed the jury that, in the event they should find, in answer to the question propounded, that there was an increase in value, to state the amount of such increase; but, in view of the fact that the jury in answer to such question answered that there was no increase in the value of the land of appellees by reason of the taking of portions thereof by the railway company, the failure to require the jury to state the amount of such increase, if any they should find, became immaterial and harmless.

[3-5] By the fifth, sixth and seventh assignments it is insisted that the trial court erred in the following particulars: First, in permitting appellee J. E. Stephenson to testify as to the market value of the land taken by appellant for right of way purposes, because it was not shown that the witness was qualified to testify in that regard; second, in permitting said witness to testify, in his own behalf, that the fair market value of the land taken, prior to its taking, was $100 per acre; third, in permitting the witness to testify to the sales of land situated four or five miles from the land involved in this cause, without showing whether or not such sales were for cash or credit, or whether there were any improvements on said lands so sold. None of these contentions can be sustained.

The witness Stephenson testified substantially that he had lived in the neighborhood of the lands involved in this cause for 31 years, and on the farm where he now lives for 25 years; that he has been deputy tax assessor in that neighborhood for several years, and well informed as to the nature of the lands in that vicinity; that the surrounding country was a sparsely settled farming community; that he knew of a sale of about 40 acres of land about four miles distant from his land, with no improvements thereon, except a small box house, at $600 for the whole tract, and that he knew of the sale of 50 acres near the town of Bolivar at $2,500 for the whole tract; that the 3.21 acres of his land taken by appellant was the highest and best land he had on his farm; that he cultivated the same before it was taken,

and raised thereon cotton, corn, sweet potatoes, Irish potatoes, vegetables, etc.; that the land taken was worth $100 per acre; that no tract of land, a high tract such as that part taken, could be bought in that community for $100 per acre; that the ridge along and upon which the railway right of way was laid constituted the best land he had; that the portion taken was under a high state of cultivation, and that he has raised thereon 510 pounds of Island cotton to the acre; that he had offered Fahey & McCarthy $100 per acre for a tract of land near Elm Grove, close to the bay, and they refused his offer.

We think this testimony was properly admitted.

We find no such error committed in the trial of the cause as should cause a reversal of the judgment of the trial court; therefore said judgment is in all things affirmed.

Affirmed.

⊙⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes