## ED MEYER V. GREAT AMERICAN INDEMNITY COMPANY

No. A-4991. Decided June 1, 1955.
(279 S.W. 2d Series 575)

410

*Talbert & Giessel* and *Scott Talbert,* of Houston for petitioner.

The Court of Civil Appeals erred in holding that the special issue inquiring whether the accidental injury to plaintiff's right big toe extended to or affected the right leg below the knee and caused incapacity to said leg, was duplicitous and a comment on the evidence. Denbow v. Standard Accident Ins. Co., 143 Texas 455, 186 S.W. 2d 236: Superior Ins. Co. v. Owens, 218 S.W. 2d 517; Texas Emp. Ins. Co. v. Adcock, 52 S.W. 2d 781, affirmed 125 Texas, 484, 83 S.W. 2d 310.

*Kemper & Wilson* and *Vincent W. Rehmet,* all of Houston, for respondent.

In reply to petitioner proposition cited: Garitty v. Rainey, 112 Texas 369, 247 S.W. 825; London Terrace v. McAlister, 142 Texas 608, 183 S.W. 619; Warner v. Winn, 145 Texas 302, 197 S.W. 2d 338.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a compensation case. Petitioner was injured when the wheel of a laundry buggy dropped on his right great toe. There were no broken bones, but the injury did not respond to treatment and gangrene set in. It was finally determined that the failure of the toe to heal was due to an impairment of blood circulation caused by a pre-existing diabetic condition. The supply of blood to the toe was then incrased by an operation on the nerves in petitioner's back, and the toe healed.

Petitioner alleged an extension of the injury, and respondent replied with a general denial and a special plea that the injury was confined to total loss of the toe and did not extend

to or affect any other portion of the body. The doctor who was called by petitioner stated that the injury to the toe had resulted in an unbalanced supply of blood in the right leg, which caused pain and weakness in such leg below the knee. Respondent offered another doctor whose testimony supported the conclusion that the toe injury had not affected the leg and that no incapacity to the leg had resulted from the injury. Basing its judgment upon a stipulation of the parties and certain findings of the jury in response to special issues, the trial court awarded petitioner compensation for 12 weeks total general incapacity and for an additional 125 weeks for permanent partial loss of use of the right leg below the knee.

■ Special Issue No. 1, which the jury answered in the affirmative and which is one of the issues upon which the judgment of the trial court is predicated, reads as follows:

"Do you find from a preponderance of the evidence that the accidental injury to the plaintiff's right great toe extended to or affected the right leg below the knee of the plaintiff, thereby causing incapacity to such right leg below the knee?"

Respondent duly objected to the submission of the issue upon a number of grounds, including: (1) That the same is duplicitous in that it inquires of the jury, first, whether the injury to the plaintiff's toe extended to or affected the right leg below the knee, and, second, whether the injury caused or resulted in incapacity to the right leg below the knee, and (2) that the same constitutes a comment on the weight of the evidence in that it assumes that incapacity to the leg below the knee resulted from the injury to the toe, and also assumes that in the event the jury believes that the injury to the toe extended to or affected the leg below the knee, some incapacity to the leg below the knee resulted therefrom. The Court of Civil Appeals concluded that the trial court erred in overruling such objections, and reversed and remanded the case for a new trial. 272 S.W. 2d 569. We are unable to agree with the conclusion of the Court of Civil Appeals.

In Denbow v. Standard Acc. Ins. Co., 143 Texas 455, 186 S.W. 2d 236, it was held that the answers of the jury to certain special issues, one of which was submitted in negative form, were not in conflict. After pointing out the importance of submitting issues in simple language, and, if possible, in the affirmative, the opinion suggests:

"Issue No. 12 could have been submitted in the affirmative

in substantially the same language by framing the issue as follows: 'Did the injury, if any, to Denbow's left wrist affect parts of his body other than his hand and wrist, thereby causing disability?' If an instruction on the burden of proof had been desired, this issue could have been followed by an instruction as follows: 'If you find from a preponderance of the evidence that the injury to the left wrist affected parts of the body other than the hand and wrist, thereby producing disability, you will answer this issue, "Yes." Otherwise you will answer it "No.' "

It will be observed that with the exception of the manner of placing the burden of proof, the issue submitted in the present case follows the form suggested in the Denbow case. While the court was not there confronted with the objections made by our respondent and the suggestion as to the form of issue was not necessary to a decision of the case, we must assume that the court gave proper consideration to fundamental principles of special issue submission. It is our opinion, therefore, that the cited case affords some support for the action of the trial court in the present case.

After careful consideration of Special Issue No. 1 and the meanings which the jury might reasonably have assigned to the language used, we believe it is unlikely that the jurors were confused thereby or led to believe that the trial court was of the opinion that there was an extension of injury or that the petitioner sustained incapacity to the right leg below the knee, or that incapacity was immaterial or would necessarily follow if they concluded that there was an extension of injury. The inquiry does not, in our opinion, assume any of the facts in controversy.

The issue submitted in Johnson v. Zurich General Accident & Liability Ins. Co., 146 Texas 232, 205 S.W. 2d 353, cited by respondent, is quite different. There the trial court inquired of the jury whether the injury was sustained "because of heat exhaustion *experienced*" on a certain date, and it was held that the issue was objectionable because it assumed that the plaintiff experienced heat exhaustion on the date indicated. The issue in the present case does not read "thereby causing *the* incapacity to such right leg" or "thereby causing incapacity *sustained* by plaintiff." We also note that in Texas Employers' Ins. Ass'n. v. Rowell, 104 S.W. 2d 613, 615, (no writ history) an issue requiring the jury to find whether the plaintiff sustained an injury "as a result of heat exhaustion or sun stroke" was held not to constitute a comment on the weight of the evidence.

The Rowell and Zurich cases are discussed and distinguished in Eubanks v. Texas Employers' Ins. Ass'n., 151 Texas 67, 246 S.W. 2d 467, 468, in which it was held that an issue inquiring whether the plaintiff sustained personal injuries " 'as a result of being struck a blow on his head by a piece of timber'," was not duplicitous and did not constitute a comment on the weight of the evidence.

■ We agree with the Court of Civil Appeals that Special Issue No. 1 includes at least two elements, extension of injury and resulting incapacity. The rule as to liability in cases involving an alleged extension of a specific injury was stated in Great American Indemnity Co. v. Sams, 142 Texas 121, 176 S.W. 2d 312, 313, as follows: "Compensation for a specific injury is provided in Section 12 of the compensation law, Vernon's Ann. Civ. St. Art. 8306, but if the injury affects other portions of the body and causes incapacity, compensation is recoverable and may exceed the amount provided for in Section 12; for in such case the injury is general and not confind to the specific member as provided in Section 12. Consolidated Underwriters v. Langly, 141 Texas 78, 170 S.W. 2d 463." Our petitioner has been compensated for loss of use of a greater specific member of the body, but the principle is the same. To recover for the greater specific injury, it was necessary for petitioner to establish an extension of the injury and that incapacity resulted therefrom.

This court has held in several types of cases that various subsidiary facts or elements constitute, and are properly submitted in a single ultimate issue. See Howell v. Howell, 147 Texas 14, 210 S.W. 2d 978. In the present case the trial court submitted as one ultimate issue whether there was a disabling extension of petitioner's injury. Respondent was actively contending that there was no extension of injury, and also that even if the injury affected the leg, no incapacity resulted therefrom. The respondent could, and probably did, argue to the jury that the issue should not be answered in the affirmative unless they found both extension of injury and resulting disability. If the jury had been in doubt as to the existence of either element, we do not believe that the form of the issue would have caused them to return an affirmative answer. Paraphrasing the language used by Judge Smedley in Turner v. Texas Co., 138 Texas 380, 159 S.W. 2d 112, the submission in one issue of the two elements above stated is, in our opinion, not objectionable as multifarious or as an improper grouping of two issues. It is the grouping of two facts, the extension of injury and resulting incapacity, which make up the ultimate

issue, which is whether there was a disabling extension of the injury. These two facts must concur. The plaintiff must prove both by a preponderance of the evidence and unless he does so the issue submitting the two facts conjunctively cannot be answered in the affirmative. Such submission imposes no undue burden upon the plaintiff and should give the defendant no cause for complaint.

■ Having concluded that the trial court did not err in overruling respondent's objections to Special Issue No. 1, we must examine the brief of the respondent as appellant in the Court of Civil Appeals to determine whether there is another ground upon which the judgment of the latter court should be affirmed. Ross v. Texas Employers' Ins. Ass'n., 153 Texas 276, 267 S.W. 2d 541.

We agree with the Court of Civil Appeals that the petitioner's pleading is sufficient to raise Special Issue No. 1.

■ The parties stipulated that the petitioner was totally incapacitated generally for a period of 12 weeks. Although there is some confusion as to the dates, we believe the stipulation refers to the period beginning with petitioner's confinement in the hospital and closing with the healing of his operative wound. Respondent's point No. 5 in the Court of Civil Appeals asserts that the trial court erred in rendering judgment that the plaintiff recover compensation for general incapacity when the undisputed evidence showed that he sustained only the injury to the great right toe, and there was no jury finding or stipulation that the specific injury to the toe extended to or affected his body generally or impaired his general health. The evidence shows beyond any question that the operation was necessary and proper treatment to enable the toe injury to heal. The record also discloses that failure to perform the operation might have endangered petitioner's life or necessitated the amputation of his right leg. Respondent did not contend that the operation was unnecessary or that it was improperly performed. We think the evidence establishes as a matter of law that the toe injury affected the petitioner's body generally so as to justify a recovery for the period of total incapacity covered by the stipulation without an affirmative jury finding on extension of injury.

■ Respondent's argument under point No. 5 presents the more serious question that the judgment of the trial court permits petitioner to recover for 12 weeks' general disability and also

for the full 125 weeks allowed for his specific injury. It is our opinion, however, that respondent's motion for new trial does not present this question in such a manner that the same might be clearly identified and understood by the trial court as required by Rule 321, and for that reason respondent was not entitled to raise the question in the Court of Civil Appeals.

■ ■  In the opening argument to the jury, counsel for petitioner stated "and the defendant is the great American Indemnity Company, and, gentlemen, I think they are not great, and they are not American, that is a phony name if I ever heard one." Respondent's objection to such argument was promptly sustained and the jury was instructed not to consider the same. The argument was clearly improper, but we are of the opinion that it was cured by the instruction of the trial court. See Ramirez v. Acker, 134 Texas 647, 138 S.W. 2d 1054. Dr. John Bunting, who at respondent's request had examined petitioner a few months before the trial, was not offered as a witness by either party. We agree with the Court of Civil Appeals that counsel for petitioner was entitled to call the jury's attention to the fact that the doctor did not testify. Consolidated Underwriters v. Lowrie, Texas Civ. App., 128 S.W. 2d 421 (wr. ref.). The remaining argument to which respondent objected probably was not improper under the record in the case, and certainly was not such as would require a reversal of the judgment of the trial court.

We have carefully examined the findings of the jury and are unable to agree with respondent that there is a conflict in the answers. To set out the issues, the answers and the contentions of respondent with respect thereto would needlessly lengthen this opinion.

■  The foregoing disposes of all of the respondent's points in the Court of Civil Appeals except Nos. 7 to 10, inclusive. which assert that the findings of the jury in response to Special Issues Nos. 5, 6, 7 and 9 are contrary to the great weight and overwhelming preponderance of the evidence. Since these points raise questions within the exclusive jurisdiction of the Court of Civil Appeals and that court did not rule thereon, the case must be remanded to that court for consideration thereof.

The judgment of the Court of Civil Appeals is reversed and the case is remanded to that court for further consideration.

Opinion delivered June 1, 1955.