TRAVELERS INSURANCE COMPANY, Appellant,

v.

Troy Burton HELSTROM, Appellee.

No. 3951.

Court of Civil Appeals of Texas.

Waco.

Sept. 28, 1961.

Rehearing Denied Nov. 9, 1961.

Naman, Howell, Smith & Chase, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

McDONALD, Chief Justice.

This is a compensation case. Parties will be referred to as in the Trial Court. Plaintiff alleged that he sustained accidental injury by falling from a platform while storing furniture; that said fall resulted in his left heel bone being crushed; both bones in his right wrist being broken; fracture of the 8th and 9th ribs; and injury to the lumbar region of his back; that he suffered permanent total loss of the use of his right hand and of his left foot; that the injury to his left foot extended to and affected other parts of his body, causing total and permanent incapacity; and that the injury to his back resulted in total permanent incapacity.

Trial was to a jury which resulted in a verdict of total and permanent disability. Such verdict is summarized as follows:

1) Injury to plaintiff on 15 March, 1960 resulted in total incapacity to plaintiff.

2) Plaintiff's total incapacity began on 15 March, 1960.

3) Plaintiff's total incapacity is permanent.

5) Plaintiff's injury resulted in total loss of use of his foot.

10) Such total loss of use of plaintiff's foot is permanent.

12) Plaintiff's injury did not result in partial loss of use of foot.

15) Plaintiff's injury to his foot extended to and affected other parts of his body, thereby causing incapacity.

16) Plaintiff's injury to his hand resulted in total loss of use of his hand.

17) Loss of use of plaintiff's hand is permanent.

19) Loss of use of plaintiff's hand is not partial.

22) and 24) An employee of the same class as plaintiff did not work at least 210

days of the year immediately preceding 15 March 1960, in the same or similar employment, in the same or a neighboring place.

23) The average weekly wage of plaintiff, computed in a manner just and fair to both parties, as of the date of injury, is $57.75.

26) Plaintiff's injury to other parts of his body was not caused solely by his use or attempted use of his injured foot.

27) Plaintiff's injury to his back was not caused solely by his use or attempted use of his injured foot.

28) Plaintiff's injuries are not confined to his right hand and arm below the elbow and his left foot and leg below the knee.

29) Plaintiff's incapacity to work is not caused solely by the loss of use of his right hand and arm and his left foot and leg.

30) Plaintiff's incapacity to work is not caused solely by a prior injury to his back.

31) Plaintiff's incapacity is not caused solely by the incapacity to his right arm and hand and left leg and foot.

32) Plaintiff's prior injury to his back has not contributed in whole or in part to his present incapacity.

The Trial Court entered judgment on the verdict for plaintiff for $11,307.51.

Defendant insurance carrier appeals on 14 points, contending:

1) The Trial Court erred in entering judgment upon Issues 22 and 24, which found that there was not an employee of the same class as the plaintiff who worked 210 days of the year immediately preceding the date of the accident in the same or similar employment in the same or neighboring place, because there is no evidence, or insufficient evidence, to support such findings.

2) There is no evidence, or insufficient evidence, to support the jury's answer to Issue 16, (that plaintiff suffered total loss of use of his hand).

3) There is no evidence, or insufficient evidence, to support the jury's answer to Issue 15, (that the injury to plaintiff's left foot extended to and affected other parts of his body, thereby causing incapacity).

4) The Trial Court erred in not submitting an issue as to whether or not there had been an injury to plaintiff's back on 15 March 1960.

5) There is no evidence, or insufficient evidence, to support the jury's answers to Issues 1 and 3.

6) Issue 16 as submitted by the Trial Court is duplicitous.

We revert to defendant's contention 1, that there is no evidence, or insufficient evidence, to sustain the jury's answers to Issues 22 and 24. In such issues the jury found that there was not an employee of the same class as plaintiff who worked 210 days of the year preceding 15 March 1960 in the same or similar employment.

Plaintiff was employed as a furniture loader and a furniture stacker. He went out with the moving trucks and assisted in loading and unloading furniture; he likewise stacked furniture in his employer's storage warehouse. He had no authority to drive his employer's trucks and had no managerial duties. Plaintiff testified that his job was a seasonal job, as there was more moving through the summer than in the fall and winter; that he had investigated and had found that the type job he held was not open for as long as 210 days during the year next preceding his injury. The office manager of Central Forwarding Company (engaged in like business of plaintiff's employer) testified to the same effect; as did the witness Dunnam. The witness Davis testified that he was an employee of plaintiff's employer, and that there were other employees of the same category as plaintiff. While a conflict of testimony is presented, we think that the record contains ample evidence to support the jury's find-

**324**

ings to Issues 22 and 24. Proof of the non-existence of another employee of the same class working 210 days may be made of testimony based solely on general investigation. Texas Employers' Insurance Ass'n v. Locke, Tex.Civ.App., n. r. e., 224 S.W.2d 755. Contention 1 is overruled.

Defendant's 2nd contention is that there is no evidence, or insufficient evidence, to support the jury's finding to Issue 16, that plaintiff had suffered total loss of the use of his hand. Plaintiff testified that he could not use his hand to pick up or lift, and could not use his hand for the usual tasks of a workman; and that he had no grip in it. The record reflects that the wrist was broken and failed to mend as before. The defendant's medical witness, Dr. Woodward, testified that plaintiff could not grip satisfactorily to handle a shovel or tool of that type. Dr. Wilson testified that plaintiff was not able to perform the tasks of a workman that would be required with the right hand. We think there is evidence to sustain the jury's finding to Issue 16, and that such is ample under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Contention 2 is overruled.

Defendant's 3rd contention is that there is no evidence, or insufficient evidence, to sustain the jury's answer to Issue 15 (that the injury to plaintiff's left foot extended to and affected other parts of his body, thereby causing incapacity).

The plaintiff testified unequivocally to this fact. The issue as to disability may be established by the plaintiff alone. See I. C. T. v. Anderson, Tex.Civ.App., n. r. e., 272 S.W.2d 772 and cases there collated. We think there is evidence to sustain the finding and that such evidence is sufficient under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Contention 3 is overruled.

Defendant's 4th contention is that the Trial Court erred in not submitting an issue as to whether or not there had been an injury to plaintiff's back on 15 March 1960.

Issue 1 as submitted by the Trial Court is sufficient. Issue 1 inquired whether injuries to plaintiff's body resulted in total incapacity. The foregoing is sufficient without a finding as to a particular injury to plaintiff's back. Maston v. Texas Emp., Sup.Ct., 331 S.W.2d 907. Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280. Moreover, the findings of total permanent loss of use of a foot at or above the ankle, and a hand at or above the wrist constitutes total permanent disability as a matter of law. See Sec. 11a, Art. 8306 Vernon's Ann. Civ.St.Tex.; Southern Underwriters v. Mowery, Tex.Civ.App., (no writ) 147 S.W.2d 834. Contention 4 is overruled.

Defendant's 5th contention is that there is no evidence, or insufficient evidence, to support the jury's answers to Issues 1 and 3. In Issues 1 and 3, the jury found that plaintiff suffered injury to his body on 15 March 1960 which resulted in his total incapacity; and in Issue 3 the jury found that incapacity is permanent. The plaintiff testified unequivocally that he was unable to perform the usual tasks of a workman and that he felt that he could never do so. Dr. Wilson testified substantially likewise. The record reflected plaintiff had fallen from a forklift onto concrete from a height of 12 feet; that he broke his arm, wrist, 2 ribs; crushed his heel; broke his ankle; and that his back has hurt since shortly after the accident. He was in the hospital 17 days; in a wheel chair 6 weeks; has had his foot operated on twice; and has gotten worse since the foregoing; that a bone was taken from his hip and grafted to his heel; that his leg is swollen to twice normal size; and that he hurts continually. There is evidence to sustain the jury's findings 1 and 3, and same is sufficient under the rule of In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

Defendant's 6th contention is that Issue 16 is duplicitous. We think such issue is not duplicitous. See Southern Underwriters v. Mowery, Tex.Civ.App., (no writ) 147 S.W.2d 834; Meyer v. Great Amer. Ind., 154 Tex. 408, 279 S.W.2d 575. In any

event, the matter is harmless since the judgment can be and is sustained by other findings independent of such issue. Where a judgment is supported by findings not vulnerable to attack, any improper submission of other issues is harmless and will not require a reversal. G. H. & S. A. Ry. v. Wells, 121 Tex. 310, 50 S.W.2d 247. Contention 6 is overruled.

All of defendant's points and the contentions thereunder made have been carefully considered and are overruled. The judgment of the Trial Court is Affirmed.