The CITY OF BEAUMONT, Appellant,

v.

BRYANT, BYRAM & SWAIN, Appellee.

No. 7793.

Court of Civil Appeals of Texas, Beaumont.

March 25, 1976.

Lavon Jones, Asst. City Atty., Beaumont, for appellant.

Anthony G. Brocato, Beaumont, for appellee.

DIES, Chief Justice.

■ This is a condemnation case brought by the City of Beaumont, appellant, to acquire a sewer easement from the appellee, Bryant, Byram & Swain, a partnership. The sole question involves the admissibility of one comparable sale. Appellant in its brief challenged two sales, but on oral argument conceded that one (Cicero to McGonigle) was not assigned as error in its motion for new trial. We therefore cannot consider that sale. See Tex.R.Civ.P. 321; *Meyer v. Great American Indemnity Company,* 154 Tex. 408, 279 S.W.2d 575, 579 (1955).

The one comparable sale we review is that sale in 1973 from Walton to Nichols.

■ In a well-written opinion Judge Stephenson clearly set forth the rules governing comparability in Texas. (*Trinity River Authority v. Hutchings,* 437 S.W.2d

383, 385 (Tex.Civ.App.—Beaumont 1969, no writ).

"A complete review of the Texas decisions as to the question of comparability has led us to conclude these three simple rules: (1) It is sufficient [if] it can be shown as a predicate that the lands involved in prior sales are similar to those taken. (2) The trial court has great discretion in determining whether sales offered in evidence are comparable to the land being taken. (3) A trial court's decision that a prior sale is sufficiently similar to be considered comparable cannot be reviewed except to determine whether there has been an abuse of discretion."

See also *Trinity River Authority v. McMurrey,* 439 S.W.2d 887 (Tex.Civ.App.—Beaumont 1969, no writ); *Crouch v. State,* 413 S.W.2d 141 (Tex.Civ.App.—Houston 1967, no writ).

Appellee's land before the taking contained 6.716 acres or 292,549 square feet. It fronted on College Street in Beaumont 572.9 feet. It was zoned for industrial uses and described as "industrial complex for users that have a small distributive type business with a warehouse and office space in front." There were three warehouses—office metal buildings on the property.

The comparable sale challenged was on April 25, 1973. It contained 150,484 square feet. It fronted 317 feet on College and was immediately west of appellee's tract. It was likewise zoned industrially. It had a frame residence and a garage apartment on it. A real estate appraiser testified it was comparable to appellee's land because of "location, because of zoning, because of access, and in my judgment the highest and best use of this property is industrial."

While as stated there was an apartment and frame residence on the property the appraiser opined this to have only "interim" value. He testified the house and garage contributed "little or no value" to the land.

Because of this testimony, appellant contends the admission of this sale as a comparable violates the rule of *Westmoreland v. Beaumont Ind. School District,* 524 S.W.2d

323 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.), viz.: comparing unimproved land with improved land.

■ We have concluded that the admission of this sale was not an abuse of discretion by the trial court. The appraiser considered the land "improved land." A house and garage apartment certainly must be considered as improvements.

The judgment of the trial court is affirmed.

AFFIRMED.

STEPHENSON, Justice (concurring).

I concur in the result reached by the majority; however, it is my feeling that further explanation is called for.

Appellant would have this court extend the rule stated in *Westmoreland, supra,* so that a tract of land would be considered unimproved if the value of the improvements is so small that a prospective purchaser would place no value on the improvements. This we have refused to do.

There is an additional reason that it was not error on the part of the trial court in admitting evidence as to the sale from Walton to Nichols. In this suit the appellant was taking a permanent easement 20' wide, located upon vacant land, and a 50' wide temporary working easement also located upon vacant land. The court admitted evidence as to the diminution in value of the remainder which was improved and also as to the diminution in value of the 50' wide vacant tract. Six issues then submitted to the jury inquiring as to the before and after values of the 20' wide tract, the 50' wide tract, and the remainder. If the sale from Walton to Nichols was to be considered vacant land, it was still admissible to prove the before and after value of the 50' wide tract. See *Harris County Flood Control District v. Hill,* 348 S.W.2d 806 (Tex.Civ. App.—Houston 1961, writ ref'd n. r. e.), and *Gulf & Interstate Ry. Co. of Texas v. Stephenson,* 212 S.W. 215 (Tex.Civ.App.—Galveston 1919, no writ).